# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-KA-01730-SCT

*KENDRICK GRAVES*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/09/2006 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS W. POWELL |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | ELEANOR JOHNSON PETERSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/29/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DIAZ, P.J., DICKINSON AND LAMAR, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     This case comes to us from the Circuit Court of the First Judicial District of Hinds County, where Kendrick Graves was convicted of aggravated assault and shooting into an vehicle. Graves was sentenced to consecutive terms of ten years imprisonment for aggravated assault and five years imprisonment for shooting into a vehicle. Claiming that his prosecution for both aggravated assault and shooting into a vehicle constituted double jeopardy, Graves appeals to this Court.

**FACTS**

¶2. On June 13, 2000, Eric Washington was sitting in the driver's seat of his car talking with Herbert Thomas, who was in the front passenger's seat, when a man by the name of Charles Parker walked up to the driver's window and fired a gun into the car.[1] Washington was shot five times, and as a result, he was paralyzed, lost a kidney, and suffered permanent nerve damage. Graves was tried and convicted as an accomplice to Parker in the shooting.

¶3. Parker, called by the State,[2] testified that on June 13, 2000, he was picked up by Clarence Witherspoon and Kendrick Graves and that they went to a party on Morehouse Street in Hinds County. Once on Morehouse Street, according to Parker's testimony, someone told Parker and Graves that Thomas was coming and that he was going to shoot Graves. When Thomas arrived, Parker saw Thomas get into the passenger side of Washington's car. Parker, who admittedly was intoxicated at the time of the events, testified that Graves handed him a .380 caliber pistol and said, "that's him in the white t-shirt," talking about Thomas. Parker took the gun from Graves and shot into Washington's car. According to Parker, Graves then told him that he had shot the wrong person.

¶4. In addition to the testimony of Parker and Washington, the State presented two eyewitnesses to the shooting, Glenn Ford and Frank Craft. Both Ford and Craft testified that

---

[1]It is undisputed that Charles Parker was the shooter.

[2]Parker pleaded guilty to one count of aggravated assault and one count of shooting into a vehicle for his part in Washington's shooting. At the time of his testimony, he was serving a twenty-year sentence in the custody of the Mississippi Department of Corrections.

they were present on Morehouse Street at the time of the shooting, and both corroborated the testimony of Parker and Washington.

## COURSE OF PROCEEDINGS

¶5.     Graves was indicted on October 15, 2004, for one count of aggravated assault and one count of shooting into a vehicle.  A Hinds County jury found Graves guilty on both counts on May 9, 2006.  Graves did not testify in his own defense.  Asserting that his prosecution for both aggravated assault and shooting into a vehicle violated the double-jeopardy clause of the Fifth Amendment to the United States Constitution, Graves appealed.

## ANALYSIS

¶6.     The sole issue presented on this appeal is Graves's assertion that his right under the Fifth Amendment not to be twice put in jeopardy for the same offense has been violated. Graves made this argument for the first time on appeal.  However, as the protection against double jeopardy is a fundamental right, we will not apply a procedural bar and will address the merits of Graves's claim.  *Fuselier v. State*, 654 So. 2d 519, 522 (Miss. 1995) (holding that, while constitutional questions not raised at trial generally are deemed waived, errors affecting fundamental constitutional rights may be excepted from procedural bars which otherwise would prohibit consideration).

¶7.     "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . . " U.S. Const. amend. V.  *See also*, Miss. Const. art. III § 22 (1890).  This guarantee, enforceable against the states through the Fourteenth Amendment, assures three separate protections: (1) protection from a second prosecution for the same offense after

3

acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) protection from multiple punishments for the same offense. *U.S. v. Dixon*, 509 U.S. 688, 695-96, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993). This case deals with the protection against multiple punishments for the same offense.

¶8. To determine whether double-jeopardy protections apply, we look to the "same-elements" test prescribed by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304, 54 S. Ct. 180, 76 L. Ed. 2d 656 (1932). The *Blockburger* test instructs us to determine whether each offense contains an element not present in the other; if not, they are labeled the same offense for double-jeopardy purposes, and successive prosecutions and/or punishments are constitutionally barred. *Powell v. State*, 806 So. 2d 1069, 1074 (Miss. 2001).

¶9. The defendant in *Blockburger* was tried and convicted on two counts, the sale of a drug not in or from the original packaging and the sale of a drug without a written order, both charges arising from one specific drug sale. *Blockburger*, 284 U.S. at 301. Rejecting the defendant's claim that the two counts on which he was convicted constituted one offense, the Supreme Court stated:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Id.* at 304 (citations omitted). The Court went on to say:

> A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction

4

under either statute does not exempt the defendant from prosecution and punishment under the other.

*Id.* (citations omitted). The Supreme Court affirmed the defendant's conviction, holding that, even though both sections were violated by one sale, two offenses were committed.

¶10. This Court dealt with a very similar set of facts to the case *sub judice* in ***Shook v. State***, 552 So. 2d 841 (Miss. 1989), wherein Philip Shook was convicted of shooting into a dwelling house and aggravated assault. On appeal, he claimed that aggravated assault and shooting into a dwelling house constituted the same offense for double-jeopardy purposes. ***Shook***, 552 So. 2d at 848.

¶11. Applying the ***Blockburger*** test to the aggravated-assault and shooting-into-a-dwelling statutes, this Court concluded that Shook had been properly charged and tried for both offenses, stating:

> Clearly the two statutes require proof of different facts . . . . under the statutes, shooting into a dwelling house is not required to establish an aggravated assault and neither injury nor attempt to injure is required to prove shooting into a dwelling house.

*Id.* at 848-49.

¶12. In applying the ***Blockburger*** test to the facts of this case, we must look to the statutes under which Graves was convicted. Mississippi Code Annotated Section 97-3-7(2) (Rev. 2006) provides, in part, that:

> A person is guilty of aggravated assault if he . . . . (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.

Mississippi Code Annotated Section 97-25 47 (Rev. 2006) provides, in part, that:

5

> If any person or persons shall willfully shoot any firearms or hurl any missile at, or into, any . . . . motor vehicle . . . . such person shall, upon conviction, be punished by a fine of not less than one hundred dollars ($100) nor more than two hundred fifty dollars ($250), or be committed to the custody of the department of corrections not less than one (1) year nor more than five (5) years, or by both such fine and imprisonment.

For the jury to find Graves guilty of aggravated assault, the State was required to prove three elements: (1) that Graves purposely or knowingly, unlawfully and not in necessary self-defense, caused bodily injury to Washington; (2) that he used a deadly weapon, in this case, a gun, to do so; and (3) that shooting Washington caused the bodily injury. For the jury to find Graves guilty of shooting into a vehicle, the State was required to prove that Graves shot a firearm into a motor vehicle.[3]

¶13. Given the elements required to prove each of these crimes, *Blockburger* instructs us to determine whether there are elements in each offense not contained in the other. We find that there are. To prove aggravated assault, no element requires proof of a firearm being shot into a vehicle. To prove shooting into a vehicle, there is no requirement of proof of bodily injury.

¶14. It is true that these two crimes were committed almost simultaneously. However, this Court has made clear that "[t]emporal proximity does not generate a juridical union of separate and distinct criminal acts, nor does the presence of a common nucleus of operative facts." *Pharr v. State*, 465 So. 2d 294, 301 (Miss. 1984) (quoting *Ball v. State*, 437 So. 2d

---

[3] Though Parker was the actual shooter, there is no challenge as to Graves's liability as an accomplice in this case.

6

423, 425 (Miss. 1983)). As it is inconsequential that these two crimes took place at the same time, so is it unimportant that the same evidence was used to convict Graves of both of these crimes. Clearly, aggravated assault and shooting into a vehicle each requires proof of facts the other does not. Therefore, we find that Graves's argument is without merit.

## CONCLUSION

¶15. Application of the ***Blockburger*** test to the facts of this case reveals that elements of each of the crimes of shooting into a vehicle and aggravated assault are not contained in the other. Therefore, we find that Graves's claim of double jeopardy is without merit, and his conviction and sentence on both charges are affirmed.

¶16. **COUNT I: CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT II: CONVICTION OF SHOOTING INTO VEHICLE AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCE IN COUNT II SHALL RUN CONSECUTIVELY WITH SENTENCE IMPOSED IN COUNT I.**

**SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.**

7