970 So.2d 197 (2007)
Kristopher R. PEACOCK, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-02190-COA.
Court of Appeals of Mississippi.
November 20, 2007.
Thomas W. Powell, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before KING, C.J., IRVING, CHANDLER and CARLTON, JJ.
IRVING, J., for the Court.
¶ 1. Kristopher Peacock was convicted by a jury of murder and was sentenced by the Hinds County Circuit Court to serve a term of life in the custody of the Mississippi Department of Corrections. Aggrieved, he appeals and asserts: (1) that the court erred in setting aside his guilty plea on a related charge of shooting into a vehicle *198 and (2) that his conviction for murder cannot stand because it constitutes double jeopardy.
¶ 2. Finding no merit, we affirm.

FACTS
¶ 3. As Peacock makes no argument regarding either the weight or the sufficiency of the evidence against him, we give only a brief description of the events that led to this appeal. On August 16, 2003, Peacock was a passenger in a Ford Probe that was traveling north on State Street in Jackson, Mississippi. Somewhere around downtown Jackson, the car in which Peacock was riding encountered a car driven by Robert Stubbs.[1] Stubbs allegedly made disparaging remarks about the vehicle that Peacock was in, and verbal exchanges continued between the occupants of the cars at several red lights. At the intersection of State Street and High Street, Peacock pulled out a handgun and fired at least six shots at Stubbs's vehicle. One of the bullets hit Stubbs in the head, fatally wounding him. After several months, Peacock was arrested and charged with murder and firing into a vehicle.
¶ 4. Shortly before trial, Peacock entered an open guilty plea regarding the pending charge for firing into an open vehicle. After a brief colloquy, the court accepted his guilty plea, although it deferred sentencing until after Peacock's trial on the murder charge. After the jury was selected and impaneled, Peacock moved to dismiss the murder charge against him on the basis of double jeopardy. In short, Peacock contended that the acceptance of his guilty plea on the charge of firing into an open vehicle precluded his prosecution for murder. The court withheld its ruling on Peacock's motion until later in the trial, at which time it found that the two counts did not expose Peacock to double jeopardy.
¶ 5. During trial, the court called the parties together for a conference outside the jury's presence. At that time, the court announced that it had erred in accepting Peacock's guilty plea and that it was sua sponte withdrawing its acceptance of the plea. The court stated that it should not have accepted the plea because the proof offered at the plea colloquy did not match the facts charged in the indictment. The State asked for permission to retire the count to the files, and the court granted the request. Peacock asked for a recess to deal with the unexpected rejection of the guilty plea, but the court declined to grant a recess. Trial continued, and Peacock was found guilty and sentenced to life imprisonment. After trial, Peacock raised both double jeopardy and the withdrawal of his guilty plea as issues in post-trial motions.

ANALYSIS AND DISCUSSION OF THE ISSUES
1. Withdrawal of Guilty Plea
¶ 6. Peacock contends that, because a valid guilty plea waives jurisdictional defects in an indictment, the court erred in withdrawing his guilty plea. The court found that the evidence offered for Peacock's guilt at the plea colloquy was inconsistent with the facts that were charged in the indictment, insomuch as the indictment charged Peacock with shooting into a vehicle, while the evidence offered at the colloquy indicated only that Peacock shot at a vehicle. The court stated that additional evidence should have been elicited to make *199 the proof offered conform with the indictment. Since the evidence was only that Peacock shot at a vehicle, the court set aside the guilty plea.
¶ 7. We note at the outset that the court's acceptance of Peacock's guilty plea had not become a final judgment, as the court had not sentenced Peacock and was still in the same term when it set aside the guilty plea. The Mississippi Supreme Court has noted: "all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may be set aside, vacated, modified or annulled by that court."[2]Johnson v. State, 925 So.2d 86, 97 n. 7 (Miss.2006) (emphasis added) (quoting Robinson v. State, 585 So.2d 757, 758 (Miss.1991)). Therefore, the court was entitled to set aside Peacock's guilty plea, as it was still in the same term during which it had accepted Peacock's plea. Furthermore, although the court was entitled to set aside the plea, we also note that the court gave an additional reason for doing so: that the proof offered in support of the plea did not match the facts charged in the indictment. Clearly the court was entitled to correct this error, given that it was still in the same term, Peacock had not been sentenced, and the guilty plea therefore had not yet become a final judgment.
¶ 8. Additionally, although we find no error in the court's decision to set aside the plea, we also note that even had there been error, it would be harmless. Contrary to Peacock's contentions, as we discuss below, there was no double jeopardy implication raised by the State's decision to prosecute him for both murder and shooting into a vehicle. Therefore, any error in setting aside the guilty plea was harmless, as Peacock could have been convicted of both shooting into a vehicle and of murder. The only effect of setting aside the plea was that Peacock did not receive an additional conviction and resulting sentence for shooting into a vehicle.
2. Double Jeopardy
¶ 9. Peacock contends that he should not have been prosecuted for both shooting into a vehicle and murder, as prosecution for both subjects him to double jeopardy.
¶ 10. The test for whether a prosecution raises double jeopardy concerns was promulgated by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Mississippi has since adopted the test, which states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact that the other does not." Culp v. State, 933 So.2d 264, 280(¶ 55) (Miss.2005) (quoting Blockburger, 284 U.S. at 304, 52 S.Ct. 180).
¶ 11. Here, the crimes charged require additional facts separate from each other. Notably, murder, unlike shooting into a vehicle, requires the deliberate killing of an individual.[3] On the other hand, shooting *200 into a vehicle requires only that an individual willfully shoot into or at a vehicle, whereas murder does not require the defendant to have shot into a vehicle.[4] Clearly, the two are distinct crimes that may both be charged. In fact, this Court has affirmed convictions where an individual shot into a vehicle, thus killing someone, and was convicted of both shooting into a vehicle and murder or manslaughter as a result. See Steele v. State, 852 So.2d 78 (Miss.Ct.App.2003) (affirming conviction where defendant convicted of both depraved heart murder and shooting into a vehicle); Ratcliff v. State, 752 So.2d 435 (Miss.Ct.App.1999) (affirming conviction for both manslaughter as a lesser-included offense of murder and shooting into a vehicle). We further note that the facts in this case were such that it was not clear whether Peacock shot into the vehicle when he killed Stubbs, as there was testimony to the effect that Stubbs may have had all or part of his head outside the vehicle when he was shot. In essence, the facts are such that Peacock could be found guilty of murder and of shooting into a vehicle without any risk of exposure to double jeopardy.
¶ 12. Therefore, even if Peacock's guilty plea had resulted in a final conviction for shooting into a vehicle, that conviction would not prevent Peacock's prosecution for murder. No double jeopardy exists in this case.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF MURDER AND SENTENCE OF A TERM OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Stubbs did not own the vehicle, but had been asked to drive it by the vehicle's owner, who was a passenger in the car.
[2] Although not at issue here, we note that a defendant has the right to withdraw his guilty plea at any time prior to a conviction becoming final. Sanders v. State, 435 So.2d 1177, 1179 (Miss.1983); Sullivan v. State, 234 Miss. 611, 613-14, 107 So.2d 123, 124 (1958).
[3] Mississippi Code Annotated section 97-3-19(1)(a) (Rev.2006), under which the State prosecuted Peacock, reads: "The killing of a human being without the authority of law by any means or in any manner shall be murder in the following cases: (a) When done with deliberate design to effect the death of the person killed, or of any human being; . . . ".
[4] Mississippi Code Annotated section 97-25-47 (Rev.2006) reads in pertinent part: "If any person or persons shall wilfully shoot any firearms or hurl any missile at, or into, any . . . motor vehicle . . . such person shall, upon conviction, be punished. . . ."