# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-KA-01785-SCT

*DONOVAN FOREMAN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/02/2009 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL ERIC BROWN |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: W. GLENN WATTS SCOTT STUART |
| DISTRICT ATTORNEY: | ALEXANDER C. MARTIN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED IN PART; VACATED IN PART; REVERSED IN PART AND REMANDED- 01/20/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., LAMAR AND CHANDLER, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.    Donovan Foreman was convicted of six felony counts arising from his attempt to fire

a handgun and his subsequent discharge of that handgun.  He argues that the resulting

sentences for four counts of aggravated assault, one count of murder, and one count of

shooting into a vehicle violate the double-jeopardy clause and the common-law doctrine of

merger.  He also asserts that the trial court erroneously imposed a sentence exceeding the

statutory maximum for shooting into a vehicle. We find the trial court erred in refusing to dismiss three counts of aggravated assault, and that the trial court imposed an illegal sentence for shooting into a vehicle. We find no violation of the double-jeopardy clause.

## FACTS

¶2.    At approximately 1 a.m. on May 10, 2009, Ashley Jones picked up her cousins Jewelisa Kelly, Shanique Kelly, Chatonia Minor, and Edward Minor. They had been socializing with a group of men, one of whom was Donovan Foreman. As Jones and her cousins began to drive away, she heard a gunshot and discovered that Edward Minor had been shot in the head.

¶3.    Shanique Kelly testified that after she and her cousins got into the car, she saw Foreman pull out a gun, point it at the car, and try to shoot it. She stated that Foreman then cocked the gun again and shot it, and the bullet went through the back windshield. Jessica Earls, a bystander, also testified that she saw Foreman shoot into Jones's car. The bullet struck Edward in the side of the head and killed him.

¶4.    Carl Ray Fleming, an investigator with the Claiborne County Sheriff's Department, testified that Foreman admitted that he had pointed a nine-millimeter gun at Jones's car, because he had felt his brothers and cousins were threatened. Foreman told Fleming that the gun accidentally had fired.

## DISCUSSION

### I.    Whether the trial court erred in failing to grant Foreman's motion for dismissal.

¶5.    Prior to trial and again after the State's case-in-chief, Foreman moved to dismiss all counts, arguing that a conviction and sentence on all counts would violate the double-

2

jeopardy clause of our state and federal constitutions. This Court has ruled that a trial court faced with such a motion "should consider the evidence fairly and should dismiss the case only if it would find for the defendant."[1] The court should deny the motion "'only if the judge would be obliged to find for the [State] if the [State's] evidence were all the evidence offered in the case.'"[2] This Court applies the substantial-evidence/manifest-error standard of review to a grant or denial of a motion to dismiss the indictment.[3]

¶6.    Foreman argues that he was impermissibly indicted and convicted on all six counts based on the same act: firing one shot into the vehicle. However, Foreman ignores the evidence before the jury that he had tried to shoot the gun once before firing the fatal shot that struck Edward Minor. Foreman's first effort to discharge the gun would support a jury verdict for a charge of aggravated assault with a deadly weapon. A defendant is guilty of aggravated assault if he or she "(b) *attempts* to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm[.]"[4]

¶7.    But we do find that the State erroneously charged (and Foreman was erroneously convicted of) four counts of aggravated assault when the evidence supports only *one attempt*. Under the facts of this case, to be guilty of four counts of aggravated assault, Foreman must

---

[1]*State v. Oliver*, 856 So. 2d 328, 331 (Miss. 2003).

[2]*Id.* (quoting *Alexander v. Brown*, 793 So. 2d 601, 603 (Miss. 2001)).

[3]*Id.*

[4]Miss. Code Ann. § 97-3-7(2)(b) (Rev. 2006) (emphasis added).

3

have attempted to cause injury to all four individuals.[5] Foreman's attempt to discharge the gun one time does not support the inference that he intended to injure four individuals. We find the evidence insufficient to support four convictions of aggravated assault. Therefore, we find the trial court erred in failing to dismiss three of the aggravated-assault charges, and we vacate Foreman's convictions and sentences for three counts of aggravated assault.

¶8. Next, we address whether the sentences for *one* count of aggravated assault, one count of shooting into a vehicle, and one count of murder violate the double-jeopardy clause of the Fifth Amendment to the United States Constitution and Article 3, Section 22 of the Mississippi Constitution of 1890. "Each of these provisions guarantees to each citizen that he shall not twice be placed in jeopardy for the same offense [and] [w]e construe the double jeopardy clause of our Constitution consistent with authoritative constructions of the Constitution of the United States."[6] The double-jeopardy clause affords three protections: "(1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) *protection from multiple punishments for the same offense*."[7] Foreman argues that this case falls within the protection against multiple punishments for the same offense. We apply a de novo review to claims of double jeopardy and to questions of law.[8]

---

[5] *Brooks v. State*, 18 So. 3d 833, 841 (Miss. 2009).

[6] *Lee v. State*, 469 So. 2d 1225, 1228 (Miss. 1985).

[7] *Graves v. State*, 969 So. 2d 845, 847 (Miss. 2007) (emphasis added).

[8] *Deeds v. State*, 27 So. 3d 1135, 1139 (Miss. 2009).

¶9. The aggravated-assault conviction arises from Foreman's *separate act* of attempting to discharge the gun, an act that was committed close in time to the actual discharge of the gun. And this Court previously has ruled that "[t]emporal proximity does not generate a judicial union of separate and distinct criminal acts, nor does the presence of a common nucleus of operative facts."[9] In other words, Foreman's attempt to discharge the gun occurred prior to and separate from the actual discharge of the firearm and was therefore a separate and distinct criminal act. Therefore, there is no "same offense" for purposes of a double-jeopardy analysis.[10]

¶10. But the one act of discharging the gun resulted in a jury verdict for two crimes: murder[11] and shooting into a vehicle.[12] To determine whether the double-jeopardy clause applies, this Court applies the **Blockburger**[13] test. In **Blockburger**, the United States

---

[9]**Lee**, 469 So. 2d at 1229.

[10]**Graves**, 969 So. 2d at 847.

[11]Section 97-3-19 provides in relevant part that:
(1) The killing of a human being without the authority of law by any means or in any manner shall be murder in the following cases: (a) When done with deliberate design to effect the death of the person killed, or of any human being; (b) When done in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual[.]
Miss. Code Ann. § 97-3-19 (Rev. 2006).

[12]Section 97-25-47 provides that a person is guilty of shooting into a vehicle if he or she "wilfully shoot[s] any firearms or hurl[s] any missile at, or into, any train, bus, truck, motor vehicle, depot, station, or any other transportation facility[.]" Miss. Code Ann. § 97-25-47 (Rev. 2006).

[13]**Blockburger v. U.S.**, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

Supreme Court ruled that: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[14] In *Graves v. State*, this Court considered the same issue in a shooting which resulted in convictions for aggravated assault and shooting into a vehicle.[15] In that case, we held:

> Given the elements required to prove each of these crimes, ***Blockburger*** instructs us to determine whether there are elements in each offense not contained in the other. We find that there are. To prove aggravated assault, no element requires proof of a firearm being shot into a vehicle. To prove shooting into a vehicle, there is no requirement of proof of bodily injury . . . . *As it is inconsequential that these two crimes took place at the same time, so it is unimportant that the same evidence was used to convict Graves of both of these crimes.* Clearly, aggravated assault and shooting into a vehicle each requires proof of facts the other does not.[16]

Likewise, murder and shooting into a vehicle each requires proof of a fact which the other does not.[17] "[M]urder, unlike shooting into a vehicle, requires the deliberate killing of an individual. On the other hand, shooting into a vehicle requires only that an individual willfully shoot into or at a vehicle[.]"[18] And consequently, there can be no violation of the common-law doctrine of merger, which provides that two independent crimes merge into one only when the greater crime necessarily includes all the elements of the lesser crime, as with

---

[14]*Id.*

[15]*Graves*, 969 So. 2d at 847-48.

[16]*Id.* at 848 (emphasis added).

[17]*Peacock v. State*, 970 So. 2d 197, 199 (Miss. Ct. App. 2007).

[18]*Id.* at 199-200.

6

a lesser-included offense.[19] Our common-law analysis of merger has been subsumed by the *Blockburger* test.[20] Therefore, we conclude that Foreman's separate convictions and punishments for one count of aggravated assault, one count of shooting into a vehicle, and one count of murder do not violate the double-jeopardy clause or the merger doctrine.

## II. Whether the trial court imposed an illegal sentence.

¶11. Foreman asserts that the trial court erroneously imposed a ten-year sentence for shooting into a vehicle, when the statutory maximum is five years. The State concedes that the maximum sentence for shooting into a vehicle in this case is five years, and that this Court should remand for resentencing. And in fact, the punishment for shooting into a vehicle is a "fine of not less than one hundred dollars ($100.00) nor more than two hundred fifty dollars ($250.00), or [incarceration in] the custody of the department of corrections not less than one (1) year nor more than five (5) years, or by both such fine and imprisonment."[21]

¶12. Foreman's ten-year sentence is illegal, as it is not within the bounds of Mississippi Code Section 97-25-47.[22] And we have recognized that a defendant has a fundamental right

---

[19] *Faraga v. State*, 514 So. 2d 295, 310-11 (Miss. 1987) (Robertson, J., concurring) (explaining the merger doctrine).

[20] *See Meeks v. State*, 604 So. 2d 748, 751 (Miss. 1992).

[21] Miss. Code Ann. § 97-25-47 (Rev. 2006).

[22] The imposition of an illegal sentence results when the punishment does not "conform to the applicable penalty statute." *Llerena v. U.S.*, 508 F.2d 78, 80 (5th Cir. 1975).

to a legal sentence.[23]   Therefore, we vacate the ten-year sentence imposed for violating Section 97-25-47, and remand for resentencing.[24]

## CONCLUSION

¶13.   We vacate Foreman's conviction of three counts of aggravated assault, as the evidence supported only one count.  We find no violation of the double-jeopardy clause and affirm his conviction and sentence of one count of aggravated assault and one count of murder.  We also affirm his conviction for one count of shooting into a vehicle, but remand this case for resentencing in compliance with Mississippi Code Section 97-25-47 (Rev. 2006).

¶14.   **COUNT I: CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.  COUNT II: CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.  COUNT III: CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, VACATED.  COUNT IV: CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, VACATED.  COUNT V: CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, VACATED. COUNT VI: CONVICTION OF SHOOTING INTO AN AUTOMOBILE AND SENTENCE OF TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, REVERSED IN PART AND REMANDED FOR RE-SENTENCING.  SENTENCES IN COUNTS II AND VI ARE TO BE SERVED CONCURRENTLY WITH COUNT I.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.**

---

[23]*Ivy v. State*, 731 So. 2d 601, 603 (Miss. 1999).

[24]*Jefferson v. State*, 958 So. 2d 1276, 1281 (Miss. Ct. App. 2007) (holding that the proper remedy for imposition of an illegal sentence is to remand for resentencing in accordance with the applicable statute).

8