MAXWELL, J., for the Court:
¶ 1. A Rankin County jury found Nathan Sellers guilty of aggravated assault after he used his hands and arms to choke Terry Brown. Sellers argues the evidence is insufficient to support an aggravated-assault conviction. He asks this court to reverse his conviction or, alternatively, directly remand his case for sentencing on the lesser-included offense of simple assault. Viewing the evidence in the light most favorable to the State, we find a reasonable jury could have found that “by choking [Brown] with his hands until she almost passed out” Sellers attempted to cause bodily injury to Brown by means “likely to produce death or serious bodily injury.”[1] We therefore affirm his aggravated-assault conviction.
*458 FACTS
¶ 2. On December 16, 2006, Sellers and his girlfriend, Brandi Eades, went to the home of Bethany Giesler. Around 2:00 or 3:00 a.m. the next morning, Sellers left the hoüse with Giesler’s boyfriend to go drinking. Sellers admitted that he had consumed alcohol as well as Xanax and Lortab or Lorcet before returning to Giesler’s house around 7:30 a.m. That morning, an argument erupted between Sellers, Gies-ler, and Eades about whether Sellers was too intoxicated to drive home with the child Eades was babysitting. During the argument, Sellers purportedly hit Eades and wielded a knife, threatening to kill himself. Giesler’s seven-year-old daughter, Savannah, went to the neighbors’ home for help. Savannah told neighbor Terry Brown “her mommy was getting beat up” by a man with a knife. Brown armed herself with a pistol, putting it in the pocket of her pajama pants. She then went to Giesler’s house, where the argument had spilled into the driveway.
113. When Brown arrived, she saw Sellers pick Giesler up and throw “her down like a beanbag.” Sellers then grabbed Eades by the neck. As Brown tried to help Eades, Sellers taunted: “Oh, do you want some too?” He then grabbed Brown and put her in a choke hold, lifting her off the ground. Brown’s face turned blue. She testified that she felt like she was about to pass out. She could not breathe and described that Sellers was “choking [her] to death.” Giesler tried unsuccessfully to pry Seller’s hands from Brown, but Sellers would not release his hold. Brown was able to draw her pistol and shoot Sellers in the leg, prompting him to let go. A responding officer noted red marks on Brown’s neck.
¶ 4. Sellers was charged with aggravated assault. At trial, Sellers disputed the State’s witnesses’ testimony and argued that Brown’s injuries were not serious and that the choking was not carried out in a means likely to produce death or serious bodily injury. The jury found Sellers guilty of aggravated assault, and the circuit judge sentenced Sellers to twenty years’ imprisonment. See Miss.Code Ann. § 97-3-7(2) (Supp.2011) (aggravated assault punishable “by imprisonment ... in the Penitentiary for not more than twenty (20) years”). Sellers appeals from the circuit judge’s denial of his motion for a judgment notwithstanding the verdict.
DISCUSSION
¶ 5. On appeal, Sellers argues the evidence was insufficient to support an aggravated-assault conviction. He suggests that, because no serious bodily injuries resulted, the choking at most supported a simple assault. Sellers also briefly claims his actions were justified to repel Brown’s aggression towards him. We note Sellers did not pursue a self-defense instruction at trial and also withdrew his proposed instruction on the lesser-included offense of simple assault. Thus, we limit our scope of review to deciding whether sufficient evidence supports the aggravated-assault conviction.
¶ 6. When considering the sufficiency of the evidence, we view the evidence in the light most favorable to the State. Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citing Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 *459 L.Ed.2d 560 (1979)). Viewing the evidence in this manner, we ask whether “any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id.
¶ 7. Under Mississippi Code Annotated section 97-3-7(2), a person is guilty of aggravated assault if he “attempts to cause or purposefully or knowingly causes bodily injury with a deadly weapon or other means likely to produce death or serious bodily harm.” (Emphasis added).[2] “It is not necessary under [section] 97-3-7(2)(b) that the use of hands and fists constitute the use of a ‘deadly weapon[.]’ ”[3] Jackson v. State, 594 So.2d 20, 24 (Miss.1992). Instead, it is sufficient “if their use constitutes a ‘means likely to produce either death or serious bodily harm.’ ” Id. And the State need not prove the victim suffered “serious” bodily injury. “Mere ‘bodily injury' is sufficient so long as it was caused with ‘other means likely to produce death or serious bodily harm.’ ” Id. Whether hands and arms are considered a “means likely to produce serious bodily harm” is a question for the jury to decide. Id.
¶8. This case presents a classic jury question. Sellers and his girlfriend Eades disputed that he violently choked Brown. Sellers claims he grabbed Brown while defending himself. But our inquiry requires that we view the evidence in the light most favorable to the State. Brown testified that when she tried to help Eades, Sellers grabbed her in a choke hold. Brown testified Sellers was “choking [her] to death,” and she felt like she was going to pass out. Giesler recalled that Sellers lifted Brown in the air while choking her, and another witness described Brown as turning blue. Sellers, who was admittedly drunk and fueled by narcotics, did not let go until Brown shot him. A responding officer noticed red marks on Brown’s neck.
¶ 9. The jury obviously found Sellers intended to injure Brown “by choking her with his hands until she nearly passed out,” as alleged in the indictment. The jury also found the choke hold was indeed serious enough to constitute “a means likely to produce serious bodily harm.” Because we find sufficient evidence supports the verdict, we affirm.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ., CONCUR.

. Sellers’s indictment charged that he committed aggravated assault on Terry Brown *458 "by choking her with his hands until she nearly passed out.” And the jury was instructed that if it found beyond a reasonable doubt that Sellers "attempted to cause bodily injury, using a means likely to produce death or serious bodily harm to Terry Brown ... [b]y choking her until she almost passed out[,j then [it] shall find the defendant, Nathan Sellers, guilty of Aggravated Assault."

. In contrast, "[a] person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm[J” Miss.Code. Ann. § 97-3-7(1) (Supp.2011).

. Effective July 1, 2012, section 97-3-7(2) was amended. 2012 Miss. Laws WL No. 147 (H.B. 780). The aggravated-assault provision applicable in this case, which had been codified as section 97~3-7(2)(b), is now codified as section 97-3-7(2)(a)(ii).