ROBERTS, J.,
for the Court:
¶ 1. In the Sunflower County Circuit Court, Edmond Brown Jr. was convicted of the aggravated assault of Cedric Glover, and he was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with fifteen years to serve and five years suspended. Brown argues that the jury’s verdict is against the overwhelming weight of the evidence. We disagree, and we affirm Brown’s conviction and sentence.
FACTS AND PROCEDURAL HISTORY
¶2. In the early morning hours on March 22, 2008, Cedric Glover, Frederick Glover, Jeremy Blackmon, Jerald Cole, and Cleo Blackmon visited the Key Hole Inn, a night club in Indianola, Mississippi.[1] According to several witnesses’ testimonies at trial, Frederick and Jeremy exited the Key Hole Inn, and Frederick fired several rounds from his gun into the air. As a result of Frederick firing into the air, a group of men began to follow Frederick as he was walking to Cedric’s car, and they exchanged words with Frederick. These men were later identified as Victor Brown, Edmond Brown, and Earnest Turner.
*837 ¶ 3. According to Cedric, he went to his car to unlock the doors and to get Frederick in to leave. He opened the driver’s door, and the three men surrounded the car, with Victor standing on the driver’s side and Brown and Turner on the passenger side, where Frederick got into the car. Cedric also testified that he could not put his car in reverse because Victor would put it back into park or drive so that they could not drive away. Meanwhile, Brown and Turner were attempting to get to Frederick through the passenger door. According to two eyewitnesses, at some point, Victor slid a gun over the car for Brown, and Brown had possession of the gun. Ultimately, Cedric was able to get the car into reverse and drive away from the scene; however, it was not before Frederick was fatally shot with a 45-cali-ber weapon. Several eyewitnesses testified that there were multiple shots fired at the fleeing vehicle.
¶ 4. Brown testified that he heard Frederick fire the shots into the air, but he headed to the car he had come in so that he could leave. He explained that as he was walking to the car, someone yelled to get the gun. He saw the gun sticking out of a car window, later determined to be Cedric’s ear, and attempted to wrestle the gun away, so he could avoid being shot. He was unsuccessful in wrestling the gun away because he was shoved out of the way by others. He claimed that he did not have a gun, and he did not fire any shots at any point.
¶ 5. Officer Earnest Gilson, an officer with the Indianola Police Department, testified that he recovered two spent projectiles from Cedric’s car: one in the trunk and one in the driver’s door. He also found a bullet hole in the driver’s side door, two bullet holes on the passenger side of the car, and one bullet hole in the back bumper. No guns were recovered. Starks Hathcock, a forensic scientist at the Mississippi Crime Lab specializing in firearms identification, testified that the projectiles recovered were consistent with a 45-caliber weapon, but he could not positively determine whether they were fired from the same caliber weapon. Officer Gilson also performed a gunshot-residue test on Brown, which Mississippi Crime Lab section chief of trace evidence David Whitehead analyzed. Whitehead testified that he found residue on Brown’s left palm, and he found indicative particles on the back of both of Brown’s hands and on his right palm. Indianola Police Department Captain Marvin Flowers testified that he interviewed Brown after the incident. According to Captain Flowers, Brown told him that he had “fed up” and that he had shot once or twice that night.
¶ 6. Brown, Turner, and Victor were indicted on December 22, 2008, for the murder of Frederick and for the aggravated assault of Cedric. The circuit court granted the motions to sever, and the defendants were given separate trials. Only Brown’s trial, conviction, and sentence are at issue in this appeal. The testimony at trial was outlined above.
¶ 7. After hearing the testimony and evidence presented, a jury acquitted Brown of the murder of Frederick, but found him guilty of the aggravated assault of Cedric. The circuit court sentenced Brown to serve twenty years in the custody of the MDOC, with fifteen years to serve and five years suspended. Brown filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. The circuit court denied this motion, and Brown filed the present appeal.
¶ 8. Brown’s sole issue on appeal is “whether the [circuit] court erred in failing to grant [Brown’s] motion for [a] new trial where the weight of the evidence showed *838 that there was no attempt to cause serious bodily harm to Cedric.... ”
ANALYSIS
¶ 9. “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005) (citation omitted). We review the evidence in the light most favorable to the verdict, and we will not overturn the verdict unless we find that the circuit court abused its discretion in denying the motion for a new trial. Woodard v. State, 765 So.2d 573, 576 (¶ 16) (Miss.Ct.App.2000) (citing Veal v. State, 585 So.2d 693, 695 (Miss.1991)).
¶ 10. Brown argues that the evidence presented at trial clearly shows that the intended target was always and only Frederick; thus, Brown could not be guilty of the aggravated assault of Cedric because he “never attempted to do bodily injury, serious or otherwise,” to Cedric. Brown relies on Foreman v. State, 51 So.3d 957 (Miss.2011), to show that to be guilty of aggravated assault, he must have attempted to cause injury specifically to Cedric. In Foreman, the Mississippi Supreme Court held that Donovan Foreman was “erroneously charged [and convicted of] four counts of aggravated assault when the evidence supports only one attempt. Under the facts of this case, to be guilty of four counts of aggravated assault, Foreman must have attempted to cause injury to all four individuals.” Id. at 960 (¶ 7) (emphasis in original). Thus, relying on Foreman, Brown submits that he could not be guilty of the aggravated assault of Cedric because there was never an attempt or an intention to shoot Cedric, and the overwhelming weight of the evidence supports that contention.
¶ 11. Brown was indicted for “attempting] to cause bodily harm to [Cedric] by shooting at him with a deadly weapon, to-wit: [a] gun.... ” Mississippi Code Annotated section 97-3-7(2)(b) (Rev. 2006) provides that “[a] person is guilty of aggravated assault if he ... attempts to cause ... bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm[.]”[2] Numerous eyewitnesses testified that as Cedric was driving away, multiple shots were fired at the car in an apparent attempt to stop the driver from leaving the parking lot. Officer Gilson testified that there were bullet holes in the car’s bumper and in the driver’s side door, and two spent projectiles were recovered from the trunk and by the driver’s side door of the car. Eyewitnesses also identified Cedric as the driver of the car and testified that Brown was beside the car with a gun right before the shooting occurred. Lastly, there was gunshot residue found on Brown’s hands, indicating that he had been in contact with a recently fired firearm. Viewing this evidence in the light most favorable to the verdict, we find that a reasonable jury could have found Brown guilty of the aggravated assault of Cedric for shooting into a car driven by Cedric.
¶ 12. Additionally, we find Foreman is distinguishable from the present case. In Foreman, Foreman attempted to shoot the gun once into the car of people, but it would not fire. He again pulled the trigger, and the gun discharged, killing Edward Minor, a passenger in the car. Foreman, 51 So.3d at 959 (¶ 6). Foreman was convicted of murder, four counts of aggra *839 vated assault, and one count of shooting into a vehicle. Id. at (¶ 1). As we stated above, the supreme court found that the one failed attempt could not support an indictment and conviction on four counts of aggravated assault. Id. at 960 (¶ 7). We have the opposite situation in the present case. One shot cannot support a conviction of four counts of aggravated assault, as was the case in Foreman, but in the present case there were numerous shots fired into Cedric’s vehicle; thus, these facts support a conviction of one charge of aggravated assault on Cedric, the driver.
¶ 13. Viewing this evidence in a light most favorable to the verdict, we find that a reasonable jury could have found Brown guilty of the aggravated assault of Cedric for attempting to cause bodily injury to Cedric by shooting into the car driven by Cedric. Therefore, we affirm.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED AND FIVE YEARS OF SUPERVISED PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Cedric and Frederick were cousins.

. Mississippi Code Annotated section 97-3-7(2)(b) was amended in 2012 and the same language is now contained in Mississippi Code Annotated section 97-3-7(2)(a)(ii).