# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-01580-COA

**KEVIN DEHART A/K/A KEVIN RAY DEHART**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

DATE OF JUDGMENT:            10/08/2018
TRIAL JUDGE:                 HON. DAL WILLIAMSON
COURT FROM WHICH APPEALED:   JONES COUNTY CIRCUIT COURT,
                             SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                             BY: HUNTER NOLAN AIKENS
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: BILLY L. GORE
DISTRICT ATTORNEY:           ANTHONY J. BUCKLEY
NATURE OF THE CASE:          CRIMINAL - FELONY
DISPOSITION:                 AFFIRMED - 01/28/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.    Kevin Dehart was convicted of attempted aggravated assault and sentenced to twelve years in the custody of the Mississippi Department of Corrections (MDOC), with eight years to serve and four years suspended with the suspension conditioned on the completion of four years of post-release supervision. Dehart moved for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, which the trial court denied. Dehart now appeals, arguing (1) that the evidence was insufficient to support the verdict; and (2) that the verdict was against the overwhelming weight of the evidence. Finding no error, we affirm.

# FACTS AND PROCEDURAL HISTORY

¶2. Mac Craven and Deanne Craven had a teenage son, and although the couple was still married in January 2017, they had been separated for four years. At the time, Deanne was living with her boyfriend Kevin Dehart. Mac worked as a roofer for Robert Yates, who lived with his wife, Lynn Yates, in a house in Soso, Mississippi.

¶3. In the early morning of January 24, 2017, Mac drove to Robert's house to have coffee before heading out to work. When Mac arrived, Lynn was outside the house with her granddaughter, getting her ready for school. Robert was inside. Just after Mac parked and got out of his car, Dehart pulled into the Yates' driveway. Dehart got out of his truck with a shotgun. He was yelling and cursing at Mac to never text Deanne again.

¶4. Dehart then fired three times. Mac was crouched down in between the front of his car and the Yates' above-ground pool. Although no one was struck or injured, the projectiles hit the back of Mac's car and the above-ground pool. Mac told Lynn to go inside the house and get Robert because Dehart was "probably going to start something." After the first shot, Robert called 911 and then went outside to tell Dehart to leave because he was trespassing. Dehart got back into his truck and left.

¶5. Hours later, investigator Wayne Black of the District Attorney's office and Soso Chief of Police Jimmy McCoy went to the Yates' house. There they retrieved pieces of wadding and a shotgun shell. Black also took photographs at the scene, including photographs of the holes in the back of Mac's car and holes in the Yates' above-ground pool.

¶6. Dehart was indicted for one count of aggravated assault under Mississippi Code

2

Annotated section 97-3-7(2)(a)(ii) (Supp. 2016). The indictment alleged that Dehart "did purposely, knowingly and feloniously attempt to cause bodily injury to Mac Craven with a firearm, a deadly weapon, by shooting at him with said gun." At trial, four witnesses testified on behalf of the State, and Dehart chose to invoke his right to not testify. The jury instructions included an instruction on the elements of attempted aggravated assault and an instruction on the lesser-included offense of simple assault.

## DISCUSSION

### I.    Sufficient evidence supported Dehart's conviction for attempted aggravated assault.

¶7.    Dehart argues that the evidence was insufficient to support the verdict. When evaluating the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the State. *Sellers v. State*, 108 So. 3d 456, 458-59 (¶6) (Miss. Ct. App. 2012). We ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* For the crime of attempt, an intent to commit the particular crime must be established. *McCray v. State*, 263 So. 3d 1021, 1029 (¶25) (Miss. Ct. App. 2018), *cert. denied*, 263 So. 3d 665 (Miss. 2019). The issue in this appeal is whether any rational trier of fact could have found beyond a reasonable doubt that Dehart was guilty of attempted aggravated assault.

¶8.    Under section 97-3-7(2)(a)(ii), a person is guilty of aggravated assault if he or she "attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm." Dehart's indictment alleged that he "did purposely, knowingly and feloniously attempt to cause bodily injury to

3

Mac Craven with a firearm, a deadly weapon, by shooting at him with said gun."

¶9.     Dehart asserts that the evidence is insufficient because the evidence failed to prove beyond a reasonable doubt that he intended to cause bodily injury to Mac. Dehart admits to firing his gun three times. Yet he argues that the evidence indicated he fired his gun not to injure Mac—but just to scare, intimidate, or dissuade him. Dehart also argues that Dehart could have shot Mac if that was his intention.

¶10.    Evidence of an attempt to fire a gun has supported a jury verdict for aggravated assault. *See Foreman v. State*, 51 So. 3d 957, 959-60 (¶¶6-7) (Miss. 2011), *distinguished by Brown v. State*, 157 So. 3d 836, 838-39 (¶¶10-12) (Miss. Ct. App. 2014). Likewise, this Court upheld a jury verdict for aggravated assault where no shooting occurred, but the jury heard testimony by the victim that a rifle had been pointed at her and that she heard a click from the gun. *Johnson v. State*, 264 So. 3d 822, 826 (¶17) (Miss. Ct. App. 2018).

¶11.    In this case, Dehart not only fired his shotgun, but he fired his shotgun *three times*. Dehart did not simply brandish his weapon or shoot into the air, which may have shown Dehart just wanted to scare Mac and could have been guilty of simple assault. In contrast, Dehart shot three separate times at the back of Mac's car as Mac was crouched down between his car and the above-ground pool. Holes were left in both. This evidence supports the jury's conclusion that Dehart attempted to cause bodily injury by shooting at Mac.

¶12.    Any doubt as to whether Dehart was shooting *at Mac* when he fired his shotgun three times is overcome based on Mac's and Lynn's testimonies. When asked what he thought was going on when Dehart was firing his shotgun, Mac testified that Dehart was shooting *at him*:

4

Q. [Mr. Bisnette] Okay. What did you think was going on when he was shooting that shotgun? Was he trying to shoot that car or **was he trying to shoot at you**?

A. **He was shooting at me**.

(Emphasis added).

¶13. Lynn also testified that Dehart was shooting *at Mac* as he was ducked down between his car and the above-ground pool:

Q. [Mr. Bisnette] You said that the guy hopped out of the truck and was shooting?

A. Yes, sir.

Q. Who or what was he shooting **at**?

A. He was shooting at Mac's car, so **I figured he was shooting at Mac** because he was hollering and cussing him.

(Emphasis added).

¶14. In addition to hearing this witness testimony, the jury also saw photographs taken by Black of the holes in the back of Mac's car and holes in the Yates' above-ground pool. The evidence presented was sufficient to support Dehart's conviction for attempted aggravated assault. Mac was not injured, but Dehart did attempt to cause bodily injury to Mac with his shotgun, a deadly weapon, when he shot three times at Mac hiding behind his car.

¶15. Because a rational trier of fact could have found the essential elements of attempted aggravated assault beyond a reasonable doubt, we find the evidence sufficient to support the verdict.

**II. Dehart's conviction for attempted aggravated assault was not against the overwhelming weight of the evidence.**

5

¶16.    Dehart argues that the verdict was against the overwhelming weight of the evidence. "A challenge to the weight of the evidence is separate and distinct from a challenge to the legal sufficiency of the evidence" in that it seeks a new trial. *Thomas v. State*, 48 So. 3d 460, 469 (¶20) (Miss. 2010). A jury verdict on appeal will be disturbed only "when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Jones v. State*, 154 So. 3d 872, 880 (¶24) (Miss. 2014). The evidence is viewed in the light most favorable to the verdict. *Bradford v. State*, 102 So. 3d 312, 316 (¶16) (Miss. Ct. App. 2012).

¶17.    Dehart argues that the overwhelming weight of the evidence showed that he did not intend to injure Mac and that he only fired his shotgun to scare or threaten Mac to stop texting Deanne. Dehart maintains that allowing his conviction to stand on the evidence presented would sanction an unconscionable injustice.

¶18.    The evidence presented in this case included testimony from four witnesses: Black, Mac, Robert, and Lynn. The jury saw photographs taken by Black of the holes in the above-ground pool and in the back of Mac's car. Black testified that they were consistent with holes made from a shotgun's projectile. Mac testified that Dehart was shooting at him. Lynn testified that she assumed Dehart was shooting at Mac because he was shooting at the car Mac was crouched behind and Dehart was yelling and cursing at Mac. Mac and Lynn testified that Dehart was shooting *at Mac*.

¶19.    A jury resolves matters of weight and credibility. *Day v. State*, 126 So. 3d 1011, 1014 (¶10) (Miss. Ct. App. 2013). The jury instructions included an instruction for simple assault,

stating that if the jury found from the evidence in the case, beyond a reasonable doubt, that Dehart "did attempt by physical menace to put Mac Craven in fear of imminent serious bodily harm," then they should find Dehart guilty of simple assault. The jury had the ability to find Dehart guilty of simple assault. Despite the discretion and option to do so, the jury declined.

¶20. This Court "will not disturb the verdict unless allowing it to stand would sanction an unconscionable injustice." *Id*. (internal quotation mark omitted). Because "[i]t is the jury's role to assess the weight and credibility of the evidence and to resolve any conflicts in the evidence," we review the evidence "in the light most favorable to the verdict." *Id*. Based on the evidence presented, we cannot say that the jury erred in finding Dehart guilty of attempted aggravated assault, thereby making a reversal in this case improper. The verdict is not so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. We find the weight of the evidence supported the verdict.

### CONCLUSION

¶21. Because the evidence was sufficient to support Dehart's conviction of attempted aggravated assault and the verdict was not against the overwhelming weight of the evidence, the trial court did not err in denying Dehart's motion for a judgment notwithstanding the verdict or a new trial. Therefore, we affirm the trial court's judgment.

¶22. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ.,**

7

**CONCUR.**