## BLANKENSHIP *v.* STATE.

[95 South. 81.  No. 22992.]

1. ASSAULT AND BATTERY.  *"Assault" defined.*

   An "assault" is an attempt or offer, with force or violence, to do a corporal hurt to another, whether with malice or wantonness, under such circumstances as denote at the time an intention to do it coupled with present ability to effectuate such intention.

2. ASSAULT AND BATTERY.  *Pointing firearm may be overt act constituting assault.*

   The overt act necessary to constitute an assault may be the pointing of a pistol in a condition, or apparently in a condition, for immediate use, where all the circumstances attending such presentation must indicate to the person at whom it is pointed that his life is endangered, or that it is the intention of the person pointing it to fire or do some physical hurt.  In such case the effect on the person assaulted and in the public place is the same as if the actual intent to fire existed in the mind of the assailant.

APPEAL from circuit court of Prentiss county.

HON. C. P. LONG, Judge.

D. A. Blankenship was convicted of simple assault, and he appeals.  Affirmed.

*E. C. Sharp,* for appellant.

The testimony clearly shows that there was no immediate purpose to commit violence.  If there had been any such intention, there was nothing to have prevented it from being carried into execution.

On page seven of the record the testimony of Mr. Young is as follows: "Q.  He did not try to strike you or injure you in any way?  A.  No, sir.

"Q.  There was nothing in the way to keep him from it?  A.  No, sir, I had no way to protect myself, there wasn't any hard feelings at all."

A mere purpose to commit violence, however, plainly declared, if not accompanied by an effort to carry it into immediate execution, falls short of an actual assault.  Hence no words of themselves, can amount to an assault.  *Smith* v. *State,* 39 Miss. 521.

However reprehensible the language used, no effort was made to assault the party.  The only inference that can be drawn from the testimony is that the party was armed and expected to defend himself if the insulting language was resented by the witness, Mr. Young.  If there had been any intention or desire on the part of this appellant to commit an assault there was certainly nothing to have prevented him from carrying his intention into execution.  Therefore we submit that this case should be reversed and the appellant discharged.

*H. Talbot Odom,* for appellee.

Counsel's only argument in support of his contention that the indictment is contrary to the law and evidence is that the testimony shows that there was no immediate pur-

pose to commit violence, and if there had been, there was nothing to have prevented him from having carried it into execution. And in support of the contention, he cites the case of *Smith* v. *State,* 39 Miss. 521. While there are authorities supporting the rule laid down in the *Smith case, supra,* there are numerous authorities to the contrary. The *Smith case, supra,* upon which appellant relies for reversal, was expressly overruled by our court in the case of *Lanier* v. *State,* 57 Miss. 102; *State* v. *Shepard,* 10 Iowa, 126, 130; 1 Bish. Crim. Law Pr. 548; *State* v. *Smith,* 2 Hump. 457.

I also quote from 1 McLain on Criminal Law, par. 233 as follows: "Thus, to point a gun or a pistol at a person who does not know but that it is loaded, and has no reason to believe that it is not, is an assault."

The foregoing quotation supports the doctrine so clearly announced in the Lanier case. I might cite other authorities in support of my contention, but in view of the Lanier case, which in my opinion decides the proposition, I deem other authorities unnecessary.

As I see it, the judgment of the lower court should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

Appellant was convicted of simple assault upon one J. E. Young on the 24th day of December, 1921. A state witness testified that he went into the store of Blankenship and had some conversation for some minutes, and that as he started to walk out of the store the appellant cursed him and drew a big pistol on him. On cross-examination he said there was nothing to prevent him from shooting or striking him and that he did not strike or injure him. Appellant's version of it was that Young came in and some words arose over the treatment of Blankenship by Young, and that he said to Young that he always thought he was dirty in putting a stand in front of him, and Young said, "You are a damn liar, and you can't call me that," and started to put his hand in his pocket, and then I said:

" 'You are another one,' and I picked up my gun on the shelf, and his gun come out that far (indicating), and I said: 'You get out of here. Don't you pull that gun on me.' And he said, 'You damn rascal, I will shoot you,' and went on out."

The witness further testified that he had his pistol in his hand, but did not point it at Young. The jury returned a verdict of guilty, and appellant was sentenced to a term of sixty days in the county jail and to pay a fine of one hundred dollars and costs, and to stand committed until the fine and costs are paid, from which judgment this appeal is prosecuted.

Appellant insists that the offense is not made out by the proof.

An "assault" is defined in 5 Corpus Juris, p. 712, section 173, as follows: "An assault is an attempt or offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness, under such circumstances as denote, at the time, an intention to do it, coupled with a present ability to effectuate such intention."

At page 718, 5 Corpus Juris, it is said: *"Firearms.*—The overt act may be the pointing or presenting of a firearm in a condition for immediate use, or taking one into one's hands, accompanied by some act to carry one's intention into effect, or running the hand into one's pocket as if to draw a weapon, and it has been held in some cases that the mere drawing of a firearm will suffice, but, according to other authorities, the drawing of a pistol, without presenting or cocking it, does not amount to an assault.

In 2 R. C. L., p. 252, section 2, it is said: "An assault is a demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present. It is frequently defined as an intentional attempt, by violence, to do an injury to the person of another. Again an assault has been defined as an attempt to commit a battery, or any threatening gesture showing in itself or by words accompanying it an immediate intention, coupled with a present ability, to commit a battery."

The appellant relies upon *Smith* v. *State*, 39 Miss. 521, in which case it was held by a majority of the court that the pointing of a weapon at another was not an assault where the person at whom the weapon was pointed knew that it was not loaded. In the subsequent case of *Lanier* v. *State*, 57 Miss. 102, the court held that a discharge of the gun at another constituted an assault where the person doing the shooting intended no injury. In the course of the opinion the court said:

"We consider it the true rule that no assault is committed when the person against whom it is presented knew of the condition of the gun, and also of the intent of the accused not to injure. But a very different question is raised when a gun is presented which is unloaded, or a gun is discharged with an intent not to strike the person against whom it is apparently aimed, when all the circumstances attending such presentation or discharge must indicate to him that his life is endangered, and in fact sought, by the person presenting or discharging the gun. His rights are as much violated in such a case as if the actual intent to take his life existed; and the effect upon the public peace would be just as injurious. The better rule is to hold the accused to intend to injure, so far as such intent is necessary to constitute a mere assault, whenever from the circumstances attending the assault the person against whom it is directed has reasonable ground to believe that the intent to injure exists."

The *Smith Case*, 39 Miss. 521, was expressly overruled in so far as it conflicted with the Lanier Case.

We think under the facts above stated, accepting, as the jury did accept, Young's version of the affair, that the assault was committed. The judgment will therefore be affirmed.

*Affirmed.*