### EDGAR *v.* STATE.

(Division B. November 10, 1947.)

[32 So. (2d) 441. No. 36523.]

**Edwards & Edwards**, of Mendenhall, for appellant.

**Greek L. Rice**, Attorney General, by **Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant was convicted of an assault with intent to commit murder upon one Nicholas. The indictment alleges that the defendant "did then and there unlawfully, wilfully, and feloniously and of his malice aforethought shoot at the said J. C. Nicholas" with the said intent.

The scene of this assault was a crap game, and the drama followed an established pattern. Defendant, en route to the gambling rendezvous, picked up one Will Wilbur, who, for reasons best known to himself, placed in defendant's care and custody an automatic pistol. This bit of traditional stage property was retained by defendant undoubtedly against the probability of need to adjust the untoward manifestations of an adverse fate by a display of persuasive force.

The occasion, thus insured against, soon arose and took the form of a sudden loss of $4. Defendant at once drew the weapon and Nicholas, alert to the maneuver, knocked his hand upward whereupon the weapon was discharged. The effect of this discharge was chiefly the sudden and precipitous dispersal of most of the witnesses, who, omitting to stand upon the order or direction of their

departure, were unable either from overpowering emotion or the early attainment of superior distance, to verify the fact of a second shot. This latter volley ensued from a scuffle between Nicholas and the defendant over the use or possession of the weapon whose charge struck and killed its owner, Wilbur.

All the witnesses professed mutual friendship and a complete absence of ill-feeling between any of the group. The defendant disavowed a purpose to cause harm to any of the participants. He characterized his hostile gesture as merely ''wolfing,'' a procedure later clarified as purely idiomatic and indicating a proper occasion for a threatening display of protest against some minor lapse from the accepted rules of play. Allegedly it was resorted to as part of the strategy of the loser in this precarious sport, which, the record indicates often cultivates a high degree of sensitivity to even slight adversity.

The gun was not in fact pointed at Nicholas, and it is not beyond reasonable doubt that its use was deliberate. See Bridges v. State, 197 Miss. 527, 19 So. (2d) 738. The gist of the offense charged is an intent to murder. Toler v. State, 143 Miss. 96, 108 So. 443. While a deliberate use, resulting in a battery or failing of its aim, could well furnish evidence of a murderous intent, it is not here sufficiently shown that there was a homicidal use.

Its exhibition, however, accompanied by an expression of vexed discontent was a sufficient gesture to support a charge of simple assault. Nicholas was justified under the circumstances in interpreting defendant's artifice as presaging personal harm. In this situation, while the proof is insufficient to support a charge of an actual murderous intent, these considerations warranted a finding that the defendant, by brandishing his weapon, committed an act whose ambiguity, if open to defendant to denominate as mere bluff, was likewise open to the victim to interpret as vengeful. Blankenship v. State, 130 Miss. 725, 95 So. 81. Such a finding is implicit in the verdict of the jury.

The unfortunate and accidental killing of Wilbur was most probably left upon the scales whereon reasonable doubts were being weighed and was an unconscious stimulus toward a conclusion that such doubts should be resolved against the defendant.

The cause, therefore, will be affirmed, but remanded solely for imposition of sentence commensurate with the degree of simple assault. Griffin v. State, 196 Miss. 528, 18 So. (2d) 437.

Affirmed and remanded.