¶ 1. A circuit court jury convicted Thurmon Stringer of attempted aggravated assault on a police officer. Stringer appeals arguing that a portion of an officer's testimony should have been excluded and that the evidence was insufficient to support his conviction. We find no error and that there was evidence to support a conviction. Consequently, we affirm.
¶ 2. On September 2, 2001, officers Kevin Buckley and Jason Stricklin were dispatched to the Stringer residence in response to a domestic disturbance call. Officer David Grasha was riding with Officer Stricklin. Arriving to the scene in separate vehicles, the officers approached the house and Stringer came out on the porch. Stringer pointed a pistol at Officer Stricklin and the officers ran for cover. Stringer continued pointing the gun at the officers and rejected commands to drop the weapon. Eventually, Stringer ran around one side of the house and Officer Stricklin pursued him by going around the other. The two met as they were rounding a corner. Officer Stricklin was at the northeast and Stringer at the northwest side of the house. Officer Stricklin testified that Stringer's arm was outstretched, that the muzzle of the gun flashed, and he heard a gunshot. Stricklin then fired back and hit Stringer in the stomach.
¶ 3. Officer Buckley heard the gunshots and then saw Stringer come around the side of the house with blood on his shirt. When Stringer saw Officer Buckley, he dropped the gun on the ground. Officer Grasha testified that he saw Stringer aim his gun both at him and at Officer Stricklin. He also heard gunshots being fired.
¶ 4. Eric Johnson, an investigator with the Mississippi Highway Patrol, testified that based on his investigation, the bullets from Stringer's gun traveled from the northwest corner to the northeast corner of the house. A projectile from Stringer's gun was recovered from the wall of the house on the northwest corner, and another projectile had grazed the wood, but it had not entered.
¶ 5. This is Stringer's appeal from his conviction of attempted aggravated assault.
 DISCUSSION 1. Officer Buckley's testimony
¶ 6. Aggravated assault is described by statute:
 A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm
Miss. Code Ann. § 97-3-7(2) (Rev. 2000). The crime of aggravated assault includes attempt as one of the elements of the crime. Stringer was convicted of "attempted aggravated assault," which is a redundancy. The additional word "attempted" is merely surplusage to the statutory crime. Morris v. State, 748 So.2d 143, 145 (Miss. 1999).
¶ 7. Stringer argues that Officer Buckley improperly testified as to what Stronger's intent was when he fired his weapon. Buckley testified that Stringer was behaving "like he was getting behind to take cover. Like he wanted to have a shoot out with us." He further stated about Stringer *Page 568 
and the gun: "Like he was aiming it. He couldn't decide if he wanted to aim it at Jason [Stricklin] or me." Stringer objected to these statements during trial and his objections were overruled.
¶ 8. Statements of opinion may be admissible under this Rule of Evidence:
 If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to the clear understanding of the testimony or the determination of a fact in issue.
M.R.E. 701. "The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused." Parker v. State, 606 So.2d 1132, 1136 (Miss. 1992).
¶ 9. The trial court admitted these statements into evidence. Officer Buckley was an eyewitness to Stringer's actions on the porch. He also heard the gunshots after Stringer and Officer Stricklin were out of his sight. The statements that Buckley made at trial were rationally based on what he had observed that night. In Buckley's opinion as a lay witness, Stringer appeared to be aiming at the officers and seemed unsure of which one he wanted to shoot. This statement is allowed under Mississippi Rules of Evidence 701.
2. Weight of the evidence
¶ 10. Stringer next claims that there was insufficient evidence to convict him of attempted aggravated assault. His argument is that he did not shoot at Officer Stricklin but shot at the house wall. Stringer argues that the evidence presented by the investigator, Eric Johnson, as to the direction in which the bullet traveled is evidence supporting a simple assault and not an aggravated assault. The jury was given instructions as to both simple and attempted aggravated assault.
¶ 11. On appeal, the evidence is viewed in the light most favorable to the State, which also receives the benefit of any favorable inferences which may be reasonably drawn from the evidence. Johnson v. State,642 So.2d 924, 927 (Miss. 1994). The jury found that the State's theory that Stringer intended to cause harm to Officer Stricklin was correct. Jurors could consider the testimony of three officers present at the scene who stated that Stringer pointed the gun at them and refused demands to drop it. Officer Stricklin testified that he saw the gun as it was fired and that Stringer was the first one to shoot. There was also the testimony of the investigator, Johnson, who concluded that the bullets fired from Stringer's gun were shot in Officer Stricklin's direction. There was sufficient evidence to support Stringer's conviction of attempted aggravated assault.
¶ 12. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT OF CONVICTIONOF ATTEMPTED AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THECUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARSSUSPENDED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONESCOUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS,CHANDLER AND GRIFFIS, JJ., CONCUR. *Page 569