# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-00204-COA

**JAVON BROWN A/K/A JAVON M. BROWN**                                         **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/13/2016 |
| TRIAL JUDGE: | HON. LEE SORRELS COLEMAN |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY:  MOLLIE MARIE MCMILLIN |
| | GEORGE T. HOLMES |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  ABBIE EASON KOONCE |
| | JASON L. DAVIS |
| DISTRICT ATTORNEY: | SCOTT COLOM |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF THREE COUNTS OF ARMED ROBBERY, AND SENTENCED ON EACH COUNT AS A HABITUAL OFFENDER TO LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE, SUSPENSION, OR EARLY RELEASE, WITH THE SENTENCES TO RUN CONSECUTIVELY TO EACH OTHER AND CONSECUTIVELY TO ANY SENTENCE CURRENTLY BEING SERVED |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 02/28/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     This is an appeal from Clay County Circuit Court where Javon Brown was convicted of three counts of armed robbery and sentenced as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2015) to serve three consecutive life sentences without the possibility of parole, suspension, or early release. On appeal, Brown asserts the circuit court erred by allowing him to be sentenced as a habitual offender under section 99-19-83 when the proof submitted did not reflect that he had actually served at least one year's imprisonment for two prior felony convictions. Because section 99-19-83 requires the defendant to have actually served at least one year's imprisonment for at least two prior felony convictions, with at least one of the convictions being for a crime of violence; the proof submitted below did not show these requirements were met; and the State concedes the same on appeal, we reverse and remand the decision of the circuit court on the issue of sentencing for further proceedings consistent with this opinion. We affirm in part as to Brown's convictions for armed robbery.

## FACTS AND PROCEEDINGS BELOW

¶2.     On April 8, 2011, Brown was indicted on three counts of armed robbery—among other things—in violation of Mississippi Code Annotated section 97-3-79 (Rev. 2014).[1] On January 17, 2014, the State moved to amend Brown's indictment to include habitual-offender language under Mississippi Code Annotated section 99-19-83, and the court did amend the indictment to reflect the same by its order on January 21, 2014. On January 13, 2016, Brown was found guilty on all three counts of armed robbery. Immediately after the reading of the

---

[1] The remaining charges were retired to the files.

2

verdict and the jury was finally excused, the court sentenced Brown to three consecutive life sentences to be served without the possibility of parole, early release, or earned time, in accordance with section 99-19-83.

¶3. Brown moved for a judgment notwithstanding the verdict or, in the alternative, a new trial, which was denied. Brown appeals to this Court.

**DISCUSSION**

¶4. On appeal, the critical issue is whether the State presented sufficient evidence to show that Brown was a habitual offender under section 99-19-83. The State concedes that there was not sufficient evidence and that the circuit court's sentence should be reversed, and the case remanded for resentencing.

¶5. The critical inquiry in addressing a challenge to the sufficiency of evidence "is whether the evidence shows beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction." *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005) (quoting *Carr v. State*, 208 So. 2d 886, 889 (Miss. 1968)). "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. (citing *Jackson v. Virginia*, 443 U.S. 307, 315 (1979)).

I. **Brown's Habitual-Offender Status**

¶6. Mississippi has two habitual-offender sentencing statutes, Mississippi Code Annotated

section 99-19-81 (Rev. 2015) (requiring a sentence to the maximum term) and section 99-19-83 (requiring a sentence of life imprisonment). Section 99-19-83 requires two previous felony or federal convictions—at least one of which being a crime of violence as defined by Mississippi Code Annotated section 97-3-2 (Rev. 2014)—and that the defendant was sentenced to *and served* at least one year or more for each conviction. Section 99-19-81 requires proof that the defendant was twice previously convicted of a felony or federal crime and *sentenced to* separate terms of at least one year.

¶7.     Here, the State submitted with its motion to amend the indictment, over a general objection by Brown's trial counsel, an exhibit that included sentencing orders for three prior Mississippi felony convictions, all sentencing Brown to at least one year's imprisonment. There was no proof submitted as to whether Brown served one year or more on the Mississippi convictions. Also included in the exhibit was Brown's Missouri Department of Corrections (MoDOC) record reflecting that he had been received by the MoDOC to serve sentences for multiple felony convictions—one of which was robbery in the first degree.[2] The MoDOC records do not state or reflect that Brown had served one year or more on a violent-felony conviction. There was no other proof submitted by the State to go toward Brown's section 99-19-83 habitual-offender sentencing. Because there was no proof submitted that gave any indication that Brown had *actually served* sentences of one year or more for any of

___

[2] Under Missouri's robbery statute at the time of Brown's conviction, robbery in the first degree was defined as a forcible stealing of property in which the violator, or another participant in the crime, (1) causes serious physical injury to another, (2) is armed with a deadly weapon, (3) uses or threatens the immediate use of a dangerous instrument against another, or (4) displays or threatens the use of what appears to be a deadly weapon or dangerous instrument. Mo. Rev. Stat. § 569.020 (transferred to Mo. Rev. Stat. § 570.023).

his previous felony convictions, we find there is insufficient proof to find that Brown is a habitual offender under section 99-19-83. Thus, we find that we must reverse and remand to the circuit court so that it may resentence Brown in a manner consistent with this opinion.

## II.     Resentencing

¶8.     The Mississippi Supreme Court has held that double jeopardy attaches for purposes of the habitual-offender sentence enhancement. *Grayer v. State*, 120 So. 3d 964, 970-71 (¶¶20-21) (Miss. 2013). Because the State failed to prove that Brown qualified for the habitual-offender enhancement under section 99-19-83 previously, it is not now able to retry the issue. However, because the proof submitted by the State at the sentencing hearing demonstrated that Brown was twice previously convicted of felonies and sentenced to serve at least one year for each conviction, we find there was sufficient proof to sentence Brown under the habitual-offender enhancement provided by section 99-19-81, and Brown may still be sentenced according to section 99-19-81. *See Ellis v. State*, 520 So. 2d 495, 496 (Miss. 1988).

## CONCLUSION

¶9.     Because the State concedes that there was insufficient evidence to demonstrate that Brown was a habitual offender under section 99-19-83, we reverse and remand Brown's sentence to the circuit court for resentencing consistent with this opinion. We affirm all other aspects of the circuit court's judgment.

¶10. **THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT OF CONVICTION OF THREE COUNTS OF ARMED ROBBERY IS AFFIRMED. THE SENTENCE ON EACH COUNT AS A HABITUAL OFFENDER OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE**

**SENTENCES TO RUN CONSECUTIVELY TO EACH OTHER AND TO ANY SENTENCE CURRENTLY BEING SERVED, IS REVERSED, AND THIS CASE IS REMANDED FOR RESENTENCING CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND WESTBROOKS, JJ., CONCUR. WILSON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**