# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00657-COA

CHRISTOPHER JOHNSON                                      APPELLANT

v.

STATE OF MISSISSIPPI                                      APPELLEE

DATE OF JUDGMENT:            05/08/2017
TRIAL JUDGE:                 HON. ALBERT B. SMITH III
COURT FROM WHICH APPEALED:   BOLIVAR COUNTY CIRCUIT COURT,
                             SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                             BY: HUNTER NOLAN AIKENS
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: JEFFREY A. KLINGFUSS
DISTRICT ATTORNEY:           BRENDA FAY MITCHELL
NATURE OF THE CASE:          CRIMINAL - FELONY
DISPOSITION:                 AFFIRMED - 10/30/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Christopher Johnson challenges his convictions for burglary of a dwelling, aggravated assault, and possession of a firearm by a convicted felon. The Bolivar County Circuit Court sentenced him to concurrent terms of twenty-five years for burglary, twenty years for aggravated assault, and ten years for possession by a felon in the custody of the Mississippi Department of Corrections. As a habitual offender under section 99-19-81 of the Mississippi Code Annotated (Rev. 2015), he received the maximum sentence.

¶2.     Johnson moved for a judgment notwithstanding the verdict (JNOV) or, in the

alternative, a new trial. The circuit court denied his motion, and Johnson appeals.

¶3. He asserts that evidence is insufficient to support: (1) his identity as the culprit; (2) his conviction for aggravated assault; and (3) his conviction for firearm possession by a felon. He also argues that (4) the verdicts were against the overwhelming weight of the evidence. We affirm the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶4. Jarvette Brown returned from her lunch to finish cleaning a neighbor's home in the delta town of Alligator, Mississippi. Someone had entered the home during Brown's brief absence. Brown promptly noticed things were amiss: the door was open, the dog was barking, a Crown Royal bag heaping with cash was on the table, and an unfamiliar coat was draped on a nearby chair. (The homeowner later found two of his guns missing.) A man emerged from a back room, wearing black clothes and a black bandana. Brown reproached him, but the man aimed a "long gun" at her and ordered her to "[h]old it."

¶5. Brown then heard the gun click. She disregarded the man's orders and dashed for the door. As she ran, she stopped a passing car and frantically asked its driver to call the police.

¶6. Police officers arrived about a half-hour later. They soon located an unarmed man who matched the description that Brown gave and approached him on the street. The man evaded the officers and raced into a nearby home. Brown stood nearby and also watched the man run. She recognized him as the culprit.

¶7. Police set up a perimeter around the building and ordered its occupants to vacate. Around twenty minutes later, four people came out: a woman, an old man, and two young

2

men. Brown identified one of the young men—Christopher Johnson—as the culprit. She knew his mother well and was familiar with Johnson. Police also believed that Johnson was the man who had fled into the home, though he was wearing different clothing. They took Johnson into custody.

¶8.     Police waited five days to interview the now-distraught Brown. Although they searched the home of Johnson's refuge, they failed to find black clothes or a black bandana. Police never dusted for fingerprints at the house that was the scene of the crime and could not locate the coat Brown saw or the reportedly stolen guns.

¶9.     The grand jury indicted Johnson, and he was tried in the Bolivar County Circuit Court, where a jury found him guilty of burglary of a dwelling, aggravated assault, and possession of a firearm by a convicted felon. The circuit court sentenced him with maximum time under section 99-19-81 of the Mississippi Code. Johnson moved for a JNOV or, in the alternative, a new trial, which the circuit court denied. He appeals.

**DISCUSSION**

¶10.    Johnson alleges the evidence is insufficient to support: (1) his identity as the culprit; (2) his conviction for aggravated assault; and (3) his conviction for firearm possession by a felon. He also argues that (4) the verdicts were against the overwhelming weight of the evidence. When we evaluate the sufficiency of evidence to sustain a conviction in Mississippi, we ask, "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown v. State*, 217 So. 3d 805, 807 (¶5) (Miss. Ct. App. 2017)

3

(citing *Jackson v. Virginia*, 443 U.S. 307, 315 (1979)). "When reviewing a challenge to the weight of the evidence, the Court will disturb a jury verdict only when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Jones v. State*, 154 So. 3d 872, 880 (¶24) (Miss. 2014).

### I. Did sufficient evidence support Johnson's identity as the culprit?

¶11. Johnson asserts that evidence is insufficient to prove beyond a reasonable doubt that he was the burglar, thereby negating all three guilty verdicts. Because the jury based these verdicts on allegedly questionable eyewitness identification, he argues this Court should reverse and render his conviction or, alternatively, reverse and remand the case for a new trial.

¶12. Johnson says that the evidence is insufficient for several reasons, including that he wore different clothes than the man who was chased into the nearby home, that police never recovered the stolen guns or the black clothes and black mask worn by the culprit, and that Brown's identification of Johnson as the culprit was inconsistent with her prior statements. He also makes the tenuous assertion that Brown may "simply [have] stole[n] from [the homeowner] and staged a burglary."

¶13. Despite the police officers' inability to collect tangible evidence like the guns and clothing, the State offered significant testimonial evidence at trial. The jury heard testimony from Brown that she had identified the culprit as Johnson. They also heard from the police regarding their pursuit and eventual capture of Johnson. Police officers further testified that Brown never vacillated in her identification of Johnson as the burglar.

4

¶14. It appears that police testimony clearly supported Brown's testimony. And, after viewing all the evidence in the light most favorable to the prosecution, we note that any rational trier of fact could have found beyond a reasonable doubt that Johnson was the burglar. This issue is without merit.

## II. Did sufficient evidence support the conviction for aggravated assault?

¶15. The underlying question for this conviction is whether any rational trier of fact could have found, beyond a reasonable doubt, that Johnson was guilty of aggravated assault. The Mississippi Code governing the crime states, "A person is guilty of aggravated assault if he . . . attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm . . . ." Miss. Code Ann. § 97-3-7(2)(a)(ii). Johnson's indictment tracks the language of the statute, in stating that Johnson "did unlawfully, feloniously, and knowingly attempt to cause bodily injury to . . . Brown with a deadly weapon, a rifle, by pointing said weapon at . . . Brown and pulling the hammer of the gun back and/or jamming the gun when firing it."

¶16. Johnson argues that because Brown had never heard a gun click before that day, she could not be certain that Johnson attempted to fire the gun. Furthermore, he argues that Brown could not testify whether Johnson even had his finger on the trigger. The separate opinion dissenting in part also takes issue with the sufficiency of the evidence, asserting that because Johnson "never issued a verbal threat evincing any intent to harm Brown," the evidence is insufficient. The opinion further argues that the "primary evidence . . . was Brown's testimony that she thought she heard the gun 'click.'"

5

¶17.    "In Mississippi, eyewitness testimony is sufficient evidence to uphold a conviction." *Conner v. State*, 138 So. 3d 158, 168 (¶34) (Miss. Ct. App. 2013) (citing *Butler v. State*, 102 So. 3d 260, 268 (¶24) (Miss. 2012)), *aff'd*, 138 So. 3d 143 (Miss. 2014). Even though no shooting occurred, Brown testified that when she entered the house, Johnson came out of a backroom, pointed a long gun at her, and told her to "hold it." She testified that she heard a click from the gun and ran from the house for help. The jury heard her testimony and deemed it sufficient to determine that Johnson attempted to cause Brown bodily injury with a weapon. A mere attempt to fire a gun supports a jury verdict for aggravated assault. *E.g.*, *Foreman v. State*, 51 So. 3d 957, 959-60 (¶6) (Miss. 2011) (noting that a failed "effort to discharge the gun would support a jury verdict for a charge of aggravated assault with a deadly weapon"). Therefore, we, as an appellate court, cannot now find that a rational trier of fact could not have found, beyond a reasonable doubt, that Johnson was guilty of aggravated assault. The trial court did not err in denying Johnson's motion for a JNOV. This issue is also without merit.

### III.    Did sufficient evidence support the conviction for firearm possession by a felon?

¶18.    Here, the prosecution had to prove beyond a reasonable doubt that Johnson had previously been convicted of a felony and willfully possessed a firearm. *See Brent v. State*, 247 So. 3d 367, 368 (¶7) (Miss. Ct. App. 2018) (citing *Body v. State*, 147 So. 3d 890, 892 (¶11) (Miss. Ct. App. 2014)). Both parties stipulated that Johnson previously had a felony conviction; the issue, then, is whether evidence is sufficient to show that Johnson possessed a firearm.

¶19. Section 97-37-5(1) of the Mississippi Code provides that "[i]t shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm . . . ." Again, Johnson's indictment tracks the Code: "[Johnson] did unlawfully, wilfully and feloniously possess a firearm . . . after he . . . had previously been convicted of [two] felon[ies] . . . ."

¶20. Johnson asserts that the evidence is insufficient for several reasons, including that police never recovered a gun, that Johnson appeared unarmed when police encountered him on the street, and that Brown's testimony regarding the gun is dubious at best.

¶21. It is not required that the deadly weapon be introduced at trial. *Young v. State*, 95 So. 3d 685, 687 (¶7) (Miss. Ct. App. 2011). In fact, "eyewitness testimony, even in the absence of physical evidence, is legally sufficient . . . ." *Gilmore v. State*, 796 So. 2d 1037, 1039 (¶10) (Miss. Ct. App. 2001) (citing *Grant v. State*, 762 So. 2d 800, 804 (¶9) (Miss. Ct. App. 2000)). Brown testified about the gun, its size, and Johnson's aiming it directly at her. Her testimony is sufficient enough to support the conviction. *See Conner*, 138 So. 3d at 168 (¶34). We affirm the circuit court's denial of Johnson's JNOV motion and Johnson's conviction of firearm possession by a felon.

### IV. Were the verdicts against the overwhelming weight of the evidence?

¶22. Johnson asserts that the verdicts were against the overwhelming weight of the evidence. We will only disturb the jury verdict "when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Jones*, 154 So. 3d at 880 (¶24). The jury heard a plethora of testimony, including from

7

Brown that when she entered the house, the culprit, whom she identified as Johnson, came out of a backroom, pointed a long gun at her, and told her to "hold it"; she heard a click from the gun and ran from the house for help; and she testified about the gun he aimed at her and, as noted, its size. The jury also heard from the police regarding their pursuit and eventual capture of Johnson and about Brown's identification of Johnson as the burglar.

¶23. The verdict is not so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. We affirm the circuit court's judgment.

## CONCLUSION

¶24. We find the evidence is sufficient to support: (1) Johnson's identity as the culprit; (2) Johnson's conviction for aggravated assault; and (3) Johnson's conviction for firearm possession by a felon. We also find that (4) the verdicts were not against the overwhelming weight of the evidence. Thus, we affirm the circuit court's judgment.

¶25. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES AND CARLTON, JJ., CONCUR. TINDELL, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY FAIR, WILSON AND WESTBROOKS, JJ.**

**TINDELL, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶26. I concur with the majority's decision to affirm Johnson's convictions for burglary of a dwelling and possession of a firearm by a convicted felon. However, because I believe insufficient evidence supported Johnson's aggravated assault conviction, I would reverse and

8

render this conviction.[1]

¶27. Brown was the only eyewitness to testify in this case. According to her testimony, when she encountered Johnson in her employer's house, Johnson told her to hold it and pointed a gun at her. Brown then testified that it sounded "like the gun . . . click[ed]." After hearing the click, Brown took off running. When asked if she saw Johnson pull back the gun's hammer, Brown testified she did not know. When asked if she saw Johnson's hand on the trigger, Brown again testified that she did not know. When asked if she had ever "heard a gun click before[,]" Brown admitted she had not and that she only thought it was a gun that she heard "click."

¶28. In discussing cases involving a conviction for aggravated assault with a deadly weapon where the defendant never actually used the weapon or, in the case of a firearm, never actually discharged the firearm, our appellate courts have closely scrutinized the factual circumstances involved.[2] *Compare Gibson v. State*, 660 So. 2d 1268, 1268-70 (Miss. 1995) (finding insufficient evidence to support an aggravated assault conviction where the defendant pointed a gun at an officer's chest but then complied when ordered to lower his

---

[1] Because Johnson's sentences were to run concurrently and his sentence for burglary of a dwelling exceeded his aggravated assault sentence, there is no need for resentencing.

[2] Our caselaw is well settled that **discharging** a firearm in the direction of an individual can constitute sufficient evidence to uphold an attempted aggravated assault conviction. *Stringer v. State*, 862 So. 2d 566, 568 (¶¶10-11) (Miss. Ct. App. 2004). Interestingly, the State cites *Stringer* for its contention that witness testimony stating a defendant **pointed** a gun at someone constitutes sufficient evidence of intent to cause harm for an aggravated assault charge. However, the State fails to recognize that, unlike Johnson, the defendant in *Stringer* actually discharged his firearm several times in the direction of a pursuing officer. *Id.* at 568 (¶11).

weapon), *Murray v. State*, 403 So. 2d 149, 150-53 (Miss. 1981) (reversing an aggravated assault conviction where, during a prison escape attempt, the defendant threatened a correctional officer by holding a shank to the officer's throat but then allowed a fellow inmate to convince him to abandon his endeavor), *and Edgar v. State*, 202 Miss. 505, 508-09, 32 So. 2d 441, 442 (1947) (holding that the defendant's exhibition of a pistol, accompanied by his "expression of vexed discontent" after losing money in a craps game, was insufficient to sustain a conviction of assault with the intent to murder the victim even though the defendant discharged the pistol during a scuffle and killed a third party), *with Robinson v. State*, 571 So. 2d 275, 276-78 (Miss. 1990) (finding no error in the denial of the defendant's directed-verdict motion on his aggravated assault charge where the defendant showed up at his former mother-in-law's house with a lighter and gasoline, threatened to burn his ex-wife, chased his ex-wife from the house, caught up to her and sat on her, and again threatened to set her on fire), *and Hunter v. State*, 196 So. 3d 998, 999-1000 (¶¶1, 6-7) (Miss. Ct. App. 2015) (upholding the defendant's aggravated assault convictions where he threatened to kill two officers and then attempted to retrieve a knife from beneath a pillow). As our caselaw makes clear, simply "pointing" a weapon at someone is not enough to commit attempted aggravated assault with a deadly weapon. *See Gibson*, 660 So. 2d at 1270.

¶29. Here, Johnson never issued a verbal threat evincing any intent to harm Brown. Further, the State presented no eyewitness testimony to show that Johnson actually pulled the trigger or that the gun ever discharged. The primary evidence supporting his aggravated assault charge was Brown's testimony that she thought she heard the gun "click." Had

10

Brown testified that she actually saw Johnson pull the trigger or that the "click" she heard was in fact a result of Johnson attempting to discharge the weapon, the evidence very well may have been sufficient to affirm his conviction.[3]

¶30.    In considering the sufficiency of the evidence to support a conviction, "we view the evidence in the light most favorable to the State" and "ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Sellers v. State*, 108 So. 3d 456 (Miss. Ct. App. 2012) (internal quotation mark omitted).   After concluding that Johnson was guilty of burglary of a dwelling and was a convicted felon in possession of a firearm, I can certainly understand a jury's inclination to also convict Johnson of aggravated assault.   That being said, I do not believe any rational trier of fact could find the sound of an unidentified "click" sufficient to prove Johnson actually attempted to discharge the weapon in an attempt to assault Brown.   I therefore concur in part and dissent in part from the majority's opinion.

**FAIR, WILSON AND WESTBROOKS, JJ., JOIN THIS OPINION.**

---

[3] The majority cites *Foreman v. State*, 51 So. 3d 957, 959 (¶6) (Miss. 2011), for the proposition that a defendant's failed "effort to discharge the gun would support a jury verdict for a charge of aggravated assault with a deadly weapon."  I agree.  However, in *Foreman*, the witness testified that she saw the defendant "pull out a gun, point it at the car, and try to shoot it." *Id.* at (¶3).  The witness further testified "that Foreman then cocked the gun again and shot it," killing another individual in the car. *Id.*  Here, Brown did not offer any such testimony of actually seeing Johnson try to shoot the gun.