# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-KA-00500-COA

JAY MARK LAFLEUR                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                                 APPELLEE

DATE OF JUDGMENT:               04/13/2022
TRIAL JUDGE:                    HON. MICHAEL M. TAYLOR
COURT FROM WHICH APPEALED:      LINCOLN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         WILLIAM CHARLES BELL
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: ALEXANDRA LEBRON
DISTRICT ATTORNEY:              DEE BATES
NATURE OF THE CASE:             CRIMINAL - FELONY
DISPOSITION:                    APPEAL DISMISSED - 08/27/2024
MOTION FOR REHEARING FILED:

## CONSOLIDATED WITH

## NO. 2022-IA-01244-COA

JAY MARK LAFLEUR                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                                 APPELLEE

DATE OF JUDGMENT:               11/22/2022
TRIAL JUDGE:                    MICHAEL M. TAYLOR
COURT FROM WHICH APPEALED:      LINCOLN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         WILLIAM CHARLES BELL
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: ALEXANDRA LEBRON
DISTRICT ATTORNEY:              DEE BATES
NATURE OF THE CASE:             CRIMINAL - FELONY
DISPOSITION:                    AFFIRMED - 08/27/2024
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1. Jay Mark LaFleur was indicted for attempted murder, aggravated assault, and shooting into a dwelling. Following a jury trial, he was convicted of attempted murder and simple assault (as a lesser-included offense of aggravated assault) and acquitted of shooting into a dwelling. During hearings on LaFleur's post-trial motions, the trial judge made comments suggesting that the State might have presented insufficient evidence to prove attempted murder, but the court ultimately granted LaFleur a new trial on that charge due to a perceived defect in his indictment. Prior to his second trial, LaFleur moved to dismiss the attempted murder charge, citing the trial judge's comments on the sufficiency of the evidence and arguing that those comments constituted an acquittal and barred a second trial under the Double Jeopardy Clause. The trial court denied the motion to dismiss, and LaFleur brought this interlocutory appeal, which the Mississippi Supreme Court assigned to this Court. Because the trial court granted a new trial to correct a perceived flaw in the indictment, and because the trial judge's comments did not reflect a final determination of LaFleur's criminal culpability, the Double Jeopardy Clause does not prohibit a second trial on attempted murder. Therefore, we affirm the denial of LaFleur's motion to dismiss.

## FACTS AND PROCEDURAL HISTORY

¶2. In January 2021, a Lincoln County grand jury indicted LaFleur for attempted murder, aggravated assault, and shooting into a dwelling. The indictment alleged that LaFleur committed the crimes on or about July 10, 2020. However, the indictment incorrectly stated

2

that it was returned during the January *2020* grand jury term. Prior to trial, the State moved to amend the indictment to state that it was returned in 2021, not 2020. The court granted the State's motion and entered an order allowing an amendment to correct the date of the grand jury term. However, the order, which the district attorney prepared, also mistakenly amended the date of "the alleged crime" to *September 18, 2015*—a wholly irrelevant date.[1] LaFleur did not object to the order, and the case proceeded to trial.

¶3.     At trial, all the evidence showed that the indicted offenses were committed on July 10, 2020, and the jury was instructed that the State had to prove that LaFleur committed the crimes on that date. The jury found LaFleur guilty of attempted murder and simple assault (as a lesser-included offense of aggravated assault) but acquitted him of shooting into a dwelling. The court sentenced LaFleur to thirty years in the custody of the Department of Corrections for attempted murder and six months in the county jail for simple assault.

¶4.     LaFleur filed a motion for judgment notwithstanding the verdict (JNOV) or a new trial. He later filed an amended motion in which he argued, inter alia, that his indictment was "fatally defective" and "void" because, as amended, it alleged that the offenses occurred in 2015; however, "no evidence" was offered that he committed "any offense" in 2015.

¶5.     The trial court denied LaFleur's motion for JNOV but granted him a new trial based on the "mistake" in the order amending the indictment to allege that the offenses were committed in September 2015. The court recognized that the indictment, as amended, was

---

[1] The last paragraph of the order amending the indictment stated, "IT IS THEREFORE ORDERED AND ADJUDGED that the indictment be, and hereby is amended by correcting the date in which the alleged crime was committed from 'September 19, 2015' to 'September 18, 2015'."

"absolutely incorrect" because its "effect . . . was to place on the State the burden of proving that this crime happened on September 19th, 2015, which . . . [was] not when anything in this case happened." Unable to "say the amendment to the indictment didn't matter," the court granted a new trial to remedy the error.

¶6.    The State filed a motion to reconsider the grant of a new trial. The State agreed that the indictment had been amended in error, but the State argued that Mississippi Rule of Criminal Procedure 25.4 authorized the trial court to correct a clerical error in the indictment after trial and without ordering a new trial. But the trial court disagreed, stating:

> The problem is in the context of this case, the indictment is very important. As I have been saying to defense counsel and the State for 17 years, nothing is more important than the indictment. That's literally the charge upon which the defendant is on trial. As I tell the jury when I seat the jury this isn't evidence of anything. This is the charge that brings us here and it's a very specific charge. The State is required to prove beyond a reasonable doubt all of the essential elements of the charge in the indictment. Once the indictment was amended to say 2015, the State was required to prove that.[2] Obviously the State didn't, couldn't. And the Court, as I said, erred in not ruling differently.

---

[2] The trial court was mistaken to the extent it considered the date alleged in the indictment an essential, substantive element of the offenses. Although "an indictment must contain the essential elements of the offenses charged in order to provide the defendant with sufficient notice of the charges against him," "'an allegation of the date of the offense is *not* an essential element of the offense charged in the indictment.'" *Humbles v. State*, 228 So. 3d 838, 844 (¶22) (Miss. Ct. App. 2017) (emphasis added) (quoting *Mosby v. State*, 134 So. 3d 850, 853 (¶11) (Miss. Ct. App. 2014)); *see also Patton v. State*, 109 So. 3d 66, 81 (¶46) (Miss. 2012) (holding that an indictment could be amended "to correct a mistake" in "the dates charged in the indictment" because "time [was] not an essential element or factor in the crime" and "there was no factual dispute regarding the[] dates"—the mistake and amendment "were to form only," not the substance of the indictment). Indeed, "[a]n indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened . . . ." Miss. Code Ann. § 99-7-5 (Rev. 2020).

4

If it had been brought to my attention that the indictment had been incorrectly amended, it could have been fixed or it could have been challenged. They didn't prove 2015.

The fact that it was an error, the fact that nobody caught it does not alter the fact that the Defendant was tried in this courtroom, an accused, by a valid order of the Court of having committed this offense in 2015. The Court can't correct that now and say, well, you were being tried for the crime the date we intended, not the date we said. The date that is said in the indictment is of utmost importance. . . . [C]ertainly it has to specify a time period and it did, and unfortunately it was the wrong one.

And the Court can't now fix that, in the Court's opinion, without creating due process problem of the Defendant that we just pretend that the entire trial was conducted with the right indictment instead of the wrong one. It wasn't. We tried a case with the wrong date in the indictment, all of us. And that's where we are.

. . . .

[The date of the offense is] absolutely essential to the charge. And though the error is a scrivener's error, the changing of the date is as substantive as anything could be to the charge.

So the Court finds the Motion to Reconsider is not well taken and the Court's original ruling granting a new trial . . . will stand.

¶7.     Following the court's ruling from the bench,[3] LaFleur filed a motion to dismiss all charges against him on double jeopardy grounds. He argued that the trial court's statements that the date of the offense was a substantive element of the indictment and that the State failed to prove that element at trial were tantamount to an acquittal. According to LaFleur, another trial for the same alleged offenses would "offend double jeopardy" by giving the State a "second bite at the apple." LaFleur argued that because the trial court had "already

---

[3] The court later entered a written order denying LaFleur's motion for JNOV, granting LaFleur's motion for a new trial, and denying the State's motion to reconsider. The written order "incorporated" the court's prior rulings from the bench.

ruled that . . . nothing in the record . . . could support the amended indictment," the trial court's "post-trial rulings [were] based on the insufficiency of the evidence." And LaFleur further argued that "a court's evaluation of the evidence as insufficient to convict is equivalent to an acquittal and therefore bars a second prosecution for the same offense." (Quoting *Bravo-Fernandez v. United States*, 580 U.S. 5, 20 (2016)). In anticipation of a new trial, the State filed a motion to amend the indictment to allege that LaFleur committed the indicted offenses in July 2020 rather than in September 2015.

¶8.     The trial court granted LaFleur's motion to dismiss in part, finding that LaFleur could not be retried for shooting into a dwelling because the jury acquitted him of that charge. In addition, the trial court ruled that LaFleur could not be retried for aggravated assault because he had been convicted of a lesser-included offense (simple assault).[4] The court stated that LaFleur's "simple assault conviction" would "stand[]" without further comment or explanation.[5] But the trial court denied LaFleur's motion to dismiss the attempted murder charge, allowing it to proceed to a second trial. Therefore, the trial court's order left LaFleur convicted of simple assault, acquitted of aggravated assault and shooting into a dwelling, and awaiting a new trial on attempted murder. The court also granted the State's motion to amend the indictment to allege that the offenses occurred on July 10, 2020. The court found that the amendment of "the dates in the amended indictment [was] an amendment as to form

---

[4] "Historically, courts have treated greater and lesser-included offenses as the same offense for double jeopardy purposes, so a conviction on one normally precludes a later trial on the other." *Currier v. Virginia*, 585 U.S. 493, 500 (2018).

[5] LaFleur has not challenged the trial court's decision to allow the simple assault conviction to stand. Therefore, we leave that conviction to stand.

and not the substance of the offenses charged in the case."

¶9. LaFleur filed a petition for permission to appeal the trial court's interlocutory order denying his motion to dismiss.[6] A panel of the Supreme Court granted LaFleur's petition, stayed all proceedings in the trial court pending resolution of the appeal, and assigned the appeal to this Court. *LaFleur v. State*, No. 2022-M-01244-SCT (Miss. Jan. 10, 2023).[7]

¶10. LaFleur appeals only the denial of his motion to dismiss as to the attempted murder charge.[8] He argues that the trial court's finding that the State failed to meet its burden at trial—because the State could not prove that the crime occurred in 2015, as erroneously alleged indictment—constituted an acquittal for double-jeopardy purposes. Therefore, LaFleur argues that the Double Jeopardy Clauses of both the United States and Mississippi Constitutions prohibit the State from retrying him for attempted murder.

**ANALYSIS**

---

[6] *See* M.R.A.P. 5; *Kelly v. State*, 80 So. 3d 802, 804 (¶7) (Miss. 2012) (holding that the denial of a motion to dismiss on double jeopardy grounds is "review[able] on an interlocutory basis").

[7] In May 2022, before the trial court ruled on his original post-trial motion, LaFleur filed a notice of appeal, which the Supreme Court Clerk docketed as a direct appeal (No. 2022-TS-00500). The Supreme Court panel ordered the direct appeal to be consolidated with the interlocutory appeal. We dismiss the direct appeal because LaFleur does not challenge his conviction for simple assault, only the denial of his motion to dismiss the attempted murder charge.

[8] LaFleur emphasizes that neither he nor the State has appealed the trial court's order granting a new trial. Therefore, we do not address whether LaFleur was legally entitled to a new trial. *See Keller v. State*, 306 So. 3d 706, 714 (¶25) (Miss. 2020) ("As a general rule, our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." (brackets and quotation marks omitted) (quoting *Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008))).

¶11.    The Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  Similarly, the Mississippi Constitution provides that "[n]o person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution."  Miss. Const. Art. 3 § 22.  Our Supreme Court has held that "the Mississippi Constitution affords th[e] same right" as the federal Constitution, *Goforth v. State*, 70 So. 3d 174, 188 (¶64) (Miss. 2011), and should be "construe[d] . . . consistent with authoritative constructions of the [federal Double Jeopardy Clause]." *Lee v. State*, 469 So. 2d 1225, 1228 (Miss. 1985).  Our federal and state Double Jeopardy Clauses "afford[] three protections: (1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) protection from multiple punishments for the same offense." *Foreman v. State*, 51 So. 3d 957, 960 (¶8) (Miss. 2011) (emphasis omitted) (quoting *Graves v. State*, 969 So. 2d 845, 847 (¶7) (Miss. 2007)).

¶12.    Ultimately, this case turns on "whether an acquittal has occurred for purposes of the Double Jeopardy Clause"—"a question of federal, not state, law." *McElrath v. Georgia*, 601 U.S. 87, 96 (2024).  The United States Supreme Court has held that "an acquittal occurs when there has been a ruling relating to the ultimate question of guilt or innocence." *Id.* (brackets and quotation marks omitted).  Such an action or ruling must reflect "a final resolution" finding the defendant not guilty for it to constitute an acquittal and a bar to re-prosecution. *Blueford v. Arkansas*, 566 U.S. 599, 606 (2012).  Moreover, an "acquittal" for

8

double-jeopardy purposes requires a final resolution or adjudication of "the bottom-line question of 'criminal culpability.'" *Smith v. United States*, 599 U.S. 236, 253 (2023) (quoting *Evans v. Michigan*, 568 U.S. 313, 324 n.6 (2013)). Such finality is necessary to serve the interests the Double Jeopardy Clause protects, as "it has long been settled under the Fifth Amendment that . . . [an] acquittal is final, ending a defendant's jeopardy, and . . . is a bar to a subsequent prosecution for the same offence." *Green v. United States*, 355 U.S. 184, 188 (1957) (quotation marks omitted). Therefore, while it is true that "a court's evaluation of the evidence as insufficient to convict is equivalent to an acquittal," *Bravo-Fernandez*, 580 U.S. at 20, such an evaluation must culminate in some final action, or ruling, by the trial court to constitute an acquittal and trigger the Double Jeopardy Clause's protections. *See McElrath*, 601 U.S. at 96.

¶13. Comments, impressions, thoughts, or intentions offered by the trial court prior to its final ruling lack the requisite finality to constitute an acquittal. *See Abed v. United States*, 278 A.3d 114, 124 (D.C. 2022) (holding that a trial judge's post-trial remarks "that indicate a plan to dismiss or acquit on certain charges" do not constitute an acquittal for double-jeopardy purposes because "the trial court is free to reconsider its prior rulings" "until the actual entry of judgment" (brackets omitted)); *People v. Vincent*, 565 N.W.2d 629, 633 (Mich. 1997) ("[T]he impressions of the judge cannot be transformed into a directed verdict[.]"), *cert. denied*, *Vincent v. Michigan*, 522 U.S. 972 (1997); *Ex Parte Falk*, 449 S.W.3d 500, 510 (Tex. Ct. App. 2014) (holding that the trial judge's "initial comments" regarding the sufficiency of the evidence on a particular theory of the crime "lacked the

finality necessary to constitute an acquittal"), *cert. denied*, 575 U.S. 918 (2015).

¶14.　LaFleur's argument relies only on the trial judge's comments made during hearings and prior to a final ruling on any of the motions before the court. Such comments, impressions, or exchanges with counsel cannot constitute an acquittal. Although the trial court offered concerns or initial impressions that the State may have presented insufficient evidence to support the charges as alleged in the amended indictment, the trial court took no action based upon or consistent with those statements. Indeed, the trial court's final actions were contrary to these initial impressions and concerns. Thus, LaFleur's argument that the trial court's statements alone—statements that did not culminate in any final action by the trial court—constitute an acquittal is misguided. An acquittal must be a final resolution of the defendant's culpability. For that reason alone, the trial court's statements do not implicate the Double Jeopardy Clause.

¶15.　In addition, LaFleur's claim fails for another reason—the trial court never made any determination as to LaFleur's culpability, and the Double Jeopardy Clause only prohibits a second trial after there has been some final resolution of culpability. *Smith*, 599 U.S. at 253 ("Culpability . . . is the touchstone for determining whether retrial is permitted under the Double Jeopardy Clause." (quotation marks omitted)). "When a trial terminates with a finding that the defendant's 'criminal culpability had not been established,' retrial is prohibited." *Id.* (quoting *Burks v. United States*, 437 U.S. 1, 10 (1978)). But "the Double Jeopardy Clause does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction." *Burks*, 437 U.S.

at 14 (brackets omitted). Indeed, "rulings on questions that are unrelated to factual guilt or innocence, but which serve other purposes, including a legal judgment that a defendant, although criminally culpable, may not be punished because of some problem *like an error with the indictment*," do not prohibit a second trial. *Evans*, 568 U.S. at 319 (emphasis added) (quotation marks omitted). This is because "[w]hen a conviction is obtained in a proceeding marred by harmful trial error, the accused has a strong interest in obtaining a fair readjudication of his guilt, and society maintains a valid concern for insuring that the guilty are punished." *Smith*, 599 U.S. at 241 (quotation marks omitted). Thus, "the appropriate remedy for prejudicial trial error, *in almost all circumstances*, is simply the award of a retrial, not a judgment barring reprosecution." *Id.* at 241-42 (emphasis added).

¶16.  Thus, we look to "the substance of a [trial] court's decision," rather than "labels," to determine whether the Double Jeopardy Clause prohibits retrial. *Evans*, 568 U.S. at 322, 325; *see also McElrath*, 601 U.S. at 96 ("[I]t is not dispositive whether a factfinder incanted the word 'acquit'; instead, an acquittal has occurred if the factfinder acted on its view that the prosecution had failed to prove its case." (quotation marks omitted)). "Ultimately what we must determine is 'whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.'" *Vincent*, 565 N.W.2d at 633 (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571 n.9 (1977)).

¶17.  Looking to its substance, the trial court's final decision to grant a new trial was not a determination of LaFleur's culpability; rather, the decision was an attempt to correct

11

perceived trial error. That error stemmed from a single procedural "mistake"—the order amending the indictment to allege that the crimes occurred on a wholly irrelevant date. The trial court considered that error problematic and was unable to "say the amendment to the indictment didn't matter." Therefore, the trial court granted a new trial to correct what the court termed a "scrivener's error" or "legal error." Assuming, without agreeing, that the trial court correctly recognized a significant procedural error,[9] granting a new trial is the correct remedy for that sort of error. *See*, *e.g.*, *Burks*, 437 U.S. at 13 ("[A] defendant, who procures a judgment against him upon an indictment to be set aside, may be tried anew upon the same indictment, or upon another indictment, for the same offence of which he had been convicted." (quoting *Ball v. United States*, 163 U.S. 662 672 (1896))).

¶18. Although the trial court commented that there may have been "insufficient" evidence to support the date alleged in the indictment, the court's final decision clearly reflects that it did not make a culpability determination. To the contrary, the trial court noted that "[t]he evidence overwhelmingly supported the fact that those elements occurred on the date that should have been in the indictment"—and recognized that the procedural error in the pretrial order amending the indictment was the only error in the case. Despite the trial court's imprecise use of certain terms, the court's statements and actions make clear that the court was not making any finding as to culpability and did not intend to finally acquit LaFleur. Therefore, we find no error in the trial court's denial of LaFleur's motion to dismiss because the Double Jeopardy Clause does not prohibit a second trial as a remedy for trial error.

---

[9] *See supra* note 2.

**CONCLUSION**

¶19.    Based on a scrivener's error in its order amending LaFleur's indictment, the trial court granted LaFleur a new trial on the attempted murder charge.  Because the court's ruling did not constitute an acquittal, the Double Jeopardy Clause does not prohibit a second trial.  Therefore, we affirm the trial court's denial of LaFleur's motion to dismiss.  We dismiss LaFleur's direct appeal because he does not challenge his conviction of simple assault.

¶20.    **APPEAL NO. 2022-KA-00500-COA: APPEAL DISMISSED.  APPEAL NO. 2022-IA-01244-COA: AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

13